CHALMERS AND WILLIAMS v. SURPRISE, RECEIVER.

[No. 9,820.   Filed June 25, 1919.]

1. SALES.—Contract.—Construction.—Law Controlling.—Presumption.—Parol Evidence.—Amendment to Pleading.—Where a contract for the sale of. certain machinery by an Illinois manufacturer to an Indiana company f.o.b. Chicago provided that the contract should be deemed consummated in that city, but did not provide to whom or to what destination the machinery was to be shipped, a presumption arose that the contract was to be governed by the laws of Illinois, but such presumption was rebuttable by any evidence which did not contradict or vary the terms of the contract; hence, where the seller intervened in the buyer's receivership proceeding for the purpose of recovering the machinery, and subsequently filed its motion to amend its original petition so as to lay a proper foundation for the introduction of evidence to show the intention of the parties as to what law was to govern the contract, it was error for the trial court to deny the motion. pp. 653, 654.

2. CONTRACTS.—Construction.—Law Controlling.—Intent of Parties.—A contract is governed by the law with a view to which it is made, and when the intention of the parties in that regard is made to appear it will be given effect, except where they are actuated by fraud. p. 654.

3. SALES.—Validity.—Conditional Sales.—Buyer's Insolvency.—Rights of General Creditors.—Execution Creditor.—Creditor.—Judgment Creditor.—Under the law of Illinois that conditional sale contracts are void as to execution creditors of a vendee in possession of a chattel, the general creditors of an insolvent corporation are not execution creditors on the theory that the seizure by the receiver of machinery sold to the corporation under a conditional sale contract was in the nature of an equitable levy by the court, and fixed a lien thereon in favor of the general creditors; a creditor being one who has a legal right to damages or a debt capable of enforcement by judicial process, a judgment creditor being one whose claim has been merged into a judgment against his debtor, and an execution creditor being one who, having obtained a judgment, has caused execution to be issued thereon. pp. 655, 656.

4. APPEAL.—Review.—Ruling on Demurrer.—Law of Foreign State.—Presumption.—Where a seller intervened in an insolvent buyer's receivership proceedings to recover possession of certain machin-

ery sold under a conditional contract of sale, it will be assumed, in reviewing the overruling of a demurrer to a paragraph of answer to intervener's petition drawn on the theory that the sale contracts were governed by the laws of Illinois, that the common law as interpreted and applied in Indiana, prevails in that state, except as otherwise alleged. p. 655.

5. RECEIVERS.—*Title of Receiver.—Conditional Sales.—Bona Fide Purchaser.*—Under the law of Illinois that a conditional contract of sale of personalty is void as to *bona fide* purchasers and execution creditors of a vendee in possession of a chattel, the receiver of insolvent corporation buyer, its stockholders, or the creditors represented by the receiver, are not *bona fide* purchasers. p. 656.

6. APPEAL.—*Review.—Evidence.—Sufficiency.*—Where the vendor intervened in an insolvent buyer's receivership proceedings to recover certain machinery sold under a conditional contract sale, evidence *held* insufficient to sustain trial court's finding denying petitioners right of possession. p. 658.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Intervening petition in receivership proceedings by Chalmers and Williams, a corporation, against Charles L. Surprise, receiver of the Midland Recoveries Company. From a judgment for the receiver, the petitioner appeals. *Reversed.*

*Tenney, Harding & Sherman* and *L. V. Cravens,* for appellant.

*Bomberger, Peters & Morthland,* for appellee.

BATMAN, C. J.—The record in this case discloses that the Midland Recoveries Company, a corporation, was engaged in business at Hammond, Indiana; that, having become insolvent, the appellee, Charles L. Surprise, was appointed a receiver thereof by the Lake Superior Court; that said receiver duly qualified and assumed the duties of his trust, by taking into his possession the assets of said company; that among said assets was certain machinery which appellant

claimed was its property, and, after making demand therefor, filed its intervening petition, in which it asked the court to require said receiver to deliver said machinery to it; that said petition alleged in substance, among other things, that it had theretofore entered into two separate contracts with the Midland Recoveries Company for the sale of certain machinery (describing it and naming the price thereof); that said machinery had been delivered to said company in accordance with the terms of said contracts; that each of said contracts contained the following provision:

"The title and right of possession to the machinery herein specified remains in the company until all payments hereunder (including deferred payments and any notes or renewals thereof, if any), shall have been made in cash, and it is agreed that said machinery shall remain the personal property of the company whatever may be the mode of its attachment to realty or otherwise, until fully paid for in cash. Upon failure to make payments, or any of them, as herein specified, the company may retain any and all partial payments which have been made, as liquidated damages, and shall be entitled to take immediate possession of said property, and be free to enter the premises where said machinery may be located, and to remove same as its property without prejudice to any further claims on account of damage which the company may suffer from any cause."

It is further alleged that the title to said machinery always has been and still is in appellant. Copies

of said contracts were filed with said petition, and made parts thereof as exhibits. Each of said contracts is dated at Chicago Heights, Illinois, and is addressed to William Wilkie, Jr., Hammond, Indiana, who, it is alleged, was the agent of said company. They are each in the form of proposals by appellant, duly accepted by said company, in which it is provided that the former should furnish the latter certain machinery therein described, f. o. b. cars at point of shipment, Chicago Heights, Illinois. Each contains the provision quoted above, and, in addition thereto, the following:

"All the terms and provisions of the contract between the parties hereto are fully set out herein, and no agent, salesman or other party is authorized to bind the company by any agreement, warranty, statement, promise or understanding not herein expressed, and no modification of the contract shall be binding on either party unless the same are in writing, accepted by the purchaser and approved in writing by one of the company's executive officers, and it is expressly agreed and understood that there are no promises, agreements, or understandings, verbal or otherwise, outside of this contract. This proposal is made for immediate acceptance of the purchaser, and upon acceptance thereof the contract shall be deemed consummated at Chicago, Illinois, but only upon the written approval of an Executive Officer of the Company, and shall not be binding upon the company until so approved."

Appellant filed its motion for leave to amend said petition by inserting the following: "That after the exe-

cution and consummation of said contract, the said Chalmers & Williams shipped said machinery from Chicago Heights, Illinois, to Midland Recoveries Company, at Osborn Station, Hammond, Indiana, and said machinery ever since said time has been located at the factory of said Midland Recoveries Company at Osborn, Indiana.'' This motion was overruled, and appellee filed an answer to said petition in two paragraphs. The first was a general denial, and the second alleged in substance, among other things, that he was duly appointed a receiver of said Midland Recoveries Company; that at the time of his appointment said company was insolvent, and that it was necessary, in order to preserve the assets thereof, that a receiver be appointed to take charge of the same, and to operate its plant; that in pursuance of his appointment, and an order of court, he went into possession of the assets of said company, took charge of its said plant, and proceeded to operate the same; that among the matters and things turned over to him by said company was the machinery described in appellant's said petition; that said company was and is indebted to various creditors in a sum approximating $20,000; that he believes that credit was advanced by the various persons holding claims against said company upon the faith and strength that it owned its plant and equipment, of which the machinery described in said intervening petition formed a considerable part; that none of said creditors knew, or had reason to believe, that said company was not the owner thereof; that the contracts mentioned in the petition show on their face that they were executed at Chicago Heights, in the State of Illinois; that said machinery was delivered to said company at that place, and that

the contracts were to be performed within the State of Illinois, and not within the State of Indiana; that it is the law of the State of Illinois that:

"If a person agrees to sell to another a chattel on condition that the price should be paid within a certain time, retaining title in himself in the meantime, and delivers the chattel to the vendee, so as to clothe him with an apparent ownership, a bona fide purchaser or execution creditor of the latter is entitled to protection as against the claim of the original·vendor. * ·* * The party in possession of personal property is presumed to be the owner of it, possession being one of the strongest evidences of title to personal property. 'To suffer, without notice to the world, the real ownership to be in one person, and the ostensible ownership in another, gives a false credit to the latter, and in this way works an injury to third persons.' "

It is further alleged in said paragraph of answer that said law was in force in the State of Illinois at the time of the execution of said contracts; that by reason of said rule of law the claim of the intervenor herein would be and is fraudulent and void, as against the creditors of said company. To this paragraph of answer appellant filed a demurrer, which was overruled, and thereupon it filed a reply thereto in two paragraphs. The first was a general denial, and the second alleged in substance, among other things, that the contracts in question were signed at Chicago Heights in the State of Illinois, in pursuance of invitations on the part of the Midland Recoveries Company to appellant to present to it proposals for the

installation of the machinery described in its inter-
vening petition, which was to be constructed for, and
delivered to, the plant of said company in that part
of Hammond, Indiana, known as Osborn; that it was
the intention of all the parties to said contract, at the
time of signing the same, that said machinery was
to be shipped to, and installed in, the factory of said
company at Osborn, Indiana; that shipping directions
were given by said company to appellant at the lat-
ter's office at Chicago Heights, Illinois; that said
machinery should be shipped to Osborn, Indiana, and
should be placed on the cars at said Chicago Heights
by appellant for that purpose; that the railroad de-
pot at said Chicago Heights was to be the point from
which said shipments were to be made; that it was
thoroughly understood and agreed to between the
parties at the time of entering into said contracts that
as soon as said machinery could be made ready for
shipment, it was to be shipped out of the State of
Illinois, and into the State of Indiana, and that the
contracts themselves were to be performed within
the State of Indiana; that at no time was it ever con-
templated between the parties that said machinery
should remain in the State of Illinois, or should be
governed by the laws of said state; that at the time of
entering into said contracts, at the time the ship-
ments were made, at the time of deliverying said ma-
chinery at Osborn, Indiana, and at the time of its
installation in the plant of said company, the said
company was not indebted to any of its present cred-
itors; that as between said company and appellant
said contracts were valid, even under the laws of the
State of Illinois; that at the time said machinery was
taken out of the State of Illinois the title to the same

under said contracts, as between the parties thereto, remained in appellant; that it was understood and agreed between the parties that said title was to continue and remain in appellant after the same had been taken into the State of Indiana; that all of the rights of the present creditors of said company, which have attached, did not attach until after the machinery had been installed in its plant at Osborn, Indiana. Appellant filed a demurrer to this paragraph of reply, which was sustained. A trial was had by the court, resulting in an allowance in favor of appellant for the amount found due it on said contracts as a general claim, to be paid by the receiver in the due course of the settlement of his trust, and a judgment that appellant is not entitled, and should not recover from the receiver, the property described in its intervening petition, but that the receiver should sell the same, as the property of said company, under a former order of the court. From this judgment appellant has appealed, and has assigned errors requiring a consideration of the questions hereinafter determined.

Appellant contends that the court erred in overruling its motion for leave to amend its intervening petition. The evident purpose of appellant in seeking to make the proposed amendment was to lay a proper foundation for the introduction of evidence, bearing on the question of what law the parties intended should govern the conditional sales contracts. The motion appears to be formal and timely, but appellee contends that said contracts are unambiguous; that they indicate by their terms the law by which they are to be construed, and hence extraneous proof in that regard was inadmissible; that, this being true, it was not error to overrule ap-

pellant's motion, as a refusal to allow matter to be added to the petition by way of amendment, which could not be properly proved, was not an abuse of discretion. It may be stated as a principle of universal law that "in every forum a contract is governed by the law with a view to which it is made." When the intention of the parties in that regard is made to appear, it will be given effect, except where they are actuated by fraud. *Cable Co.* v. *McElhoe* (1915), 58 Ind. App. 637, 108 N. E. 790. It thus appears that the intention of the parties, as to what law should govern the contracts in question, was a material fact for the court's determination. It will be observed that each of the contracts provides that upon acceptance of the proposal, which forms a part thereof, the contract "shall be deemed consummated at Chicago, Illinois." In other words, the contracts were to be deemed executed at Chicago, Illinois. This fact, when considered in connection with the provision that the machinery was to be furnished f. o. b. cars at Chicago Heights, Illinois, may be said to give rise to a presumption that each of said contracts was to be governed by the laws of that state. This presumption, however, may be rebutted, and parol evidence is admissible for that purpose, where such evidence does not contradict or vary the terms of such contract. *Cable Co.* v. *McElhoe, supra.* It will be observed that the amendment, which appellant sought to make to its intervening petition, relates to the shipment of the machinery in question into this state, by appellant, after the execution of the contracts, and as to its continued location in this state, at the factory of the Midland Recoveries Company, ever since said time. These facts

were proper to be considered as bearing on the intention of the parties with reference to the location of the machinery while said contracts of conditional sale were in force, and in determining what laws should govern the same. It will be observed that the contracts in question do not provide by whom, to whom, or to what· destination the machinery was to be shipped, after it was furnished on the cars at Chicago Heights, Illinois, in conformity with the contracts, or where it was to be located thereafter. Therefore any extraneous evidence in that regard would not tend to contradict· or vary the terms of such contracts, and the proposed amendment was not objectionable on that ground. We are of the opinion that the amendment in question should have been allowed, and that the court erred in overruling appellant's motion for leave to make the same.

We next direct our attention to the alleged error in overruling the demurrer to appellee's second paragraph of answer. It will be observed that said paragraph of answer proceeds upon the theory that appellant's conditional sale contracts are governed by the law of Illinois, and that under the law of that state such contracts are fraudulent and void, as against the creditors of the Midland Recoveries Company. In the absence of any averments as to what the law of Illinois is, relating to such contracts, it would be presumed that the common law in that regard, as interpreted and applied in this state, prevails there. By such law the sale of personal property, under the circumstances shown, on condition that the title shall remain in the seller until the purchase price is paid, is valid, and the seller retains ownership

though he delivers possession to the purchaser. *Swain* v. *Schild* (1917), 66 Ind. App. 156, 117 N. E. 933. To meet this presumption, appellee has alleged that it is the law of Illinois that *bona fide* purchasers and execution creditors of a vendee in possession of a chattel, under a conditional sale contract, are entitled to protection, as against the claim of the original vendor. We may assume therefore that, except as otherwise alleged, the common law, as stated above, governs conditional sale contracts in the State of Illinois. Under these circumstances, we are required to consider only whether the allegations of the paragraph of answer in question show that appellee, or those he represents, occupies the relation of *bona fide* purchasers or execution creditors toward the machinery described in the intervening petition, in determining the sufficiency of the paragraph of answer in question. It is apparent that neither appellee, as the receiver of the Midland Recoveries Company, nor the stockholders thereof, whom he represents, occupy such relationship, under the facts alleged. But can the same be said of the creditors of said company, whom the receiver also represents? There is no basis for a claim that they are *bona fide* purchasers, and appellee does not so contend. He does assert, however, that the seizure of the machinery in question by the receiver was in the nature of an equitable levy by the court, and fixed thereon a lien in favor of the general creditors of the Midland Recoveries Company, and that this fact entitled them to protection under the law of Illinois relating to conditional sale contracts, as execution creditors of said company. We cannot concur in this contention. *Smith* v. *Hotel Ritz Co.* (1908), 74 N. J. Eq.

616, 70 Atl. 137. It should be noted that the terms, "creditor," "judgment creditor," and "execution creditor," each have their special meaning. A creditor has been defined to be one who has a legal right to damages or a debt, capable of enforcement by judicial process. *Bishop* v. *Redmond* (1882), 83 Ind. 157. A judgment creditor may be said to be one whose claim has been merged into a judgment against his debtor, and under which, generally, execution may be had. Anderson, Law Dictionary 292. An execution creditor is one who, having recovered a judgment against the debtor for his debt, has also caused an execution to be issued thereon. Black, Law Dictionary (2d ed.) 297, 298. Thus it will be seen that the kind of creditor to whom the law of Illinois affords protection, as disclosed by the paragraph of answer under consideration, is not merely a general creditor, nor one who has reduced his claim to judgment and rested there, but one who has gone farther, and, after obtaining a judgment, has armed himself with that process of the law known as an execution. The paragraph of answer under consideration not only fails to show that there was any creditor of the Midland Recoveries Company who had an execution against it, but also fails to show that any of its creditors had obtained a judgment on their claims, which is a condition precedent to the issuance of an execution. We therefore conclude that said paragraph of answer fails to show that any creditor of said company belongs to that class which the law of Illinois designates as entitled to protection against the vendor in a conditional sale contract. It follows that the court erred in overruling appellant's demurrer thereto, even if it could be said that the conditional sale con-

tracts are governed by the law of Illinois under the facts alleged. Having reached the conclusion announced with reference to appellee's second paragraph of answer, we deem it unnecessary to consider the alleged error of the court in sustaining the demurrer to the second paragraph of appellant's reply addressed thereto, and especially in view of what we have said heretofore in considering the action of the court in overruling appellant's motion for leave to amend its intervening petition.

Appellant contends that the court erred in overruling its motion for a new trial. An examination of the record discloses that this contention is well taken, on the ground that the decision of the court is not sustained by sufficient evidence. The contracts, made a part of appellant's intervening petition, were introduced in evidence, and they show that appellant, as vendor of the machinery in question, reserved title thereto until the purchase price thereof was paid. Other evidence introduced, and admissions made, tend to show that the purchase price of said machinery had not been fully paid, and that appellee held possession of the same solely by virtue of his appointment as receiver of the vendee named in said conditional sale contracts. Under these facts, the law of this state would protect appellant's title, as such vendor, as against any claim of the receiver of the Midland Recoveries Company, or any one whom he represents. Its title would likewise be protected under the law of Illinois as pleaded, since the evidence fails to disclose that the right of any *bona fide* purchaser, or execution creditor, had intervened. The evidence, therefore, is insufficient to sustain the decision of the court, whether the law of this state or

the law of Illinois governs the conditional sale contracts in question.

Appellant also predicates error on the action of the court in refusing to admit certain evidence offered by it with reference to the shipment of the machinery covered by said contracts, after it was delivered on the cars at Chicago Heights, Illinois, in conformity therewith. In view of what we have said relating to the action of the court in refusing to permit appellant to amend its intervening petition, these or like questions will probably not arise on another trial, and we therefore deem it unnecessary to prolong this opinion by a discussion of the questions thus presented.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial, to sustain its motion for leave to amend its intervening petition, and to sustain its demurrer to appellee's second paragraph of answer thereto, and for further proceedings consistent with this opinion.