INTERNATIONAL HARVESTER COMPANY OF AMERICA
v. HOLLEY, SHERIFF.

[No. 15,713. Filed January 18, 1939. Rehearing denied February 28, 1939.]

*George W. Douglas,* for appellant.

*George E. Hershman,* and *Gavit, Hall, Smith & Gavit,* for appellee.

STEVENSON, P. J.—This is an action in replevin brought by the International Harvester Company of America against Carroll O. Holley, Sheriff of Lake County, Indiana, to recover possession of a motor truck.

This truck had been taken by the appellee pursuant to a writ of execution issued against the North Shore Fast Freight Service, Inc., at the instigation of a judgment creditor who had obtained judgment on the third day of May, 1935, against said corporation in the Lake Superior Court. The appellee held possession of this truck until the 27th day of June, 1935, when it was taken from the appellee by virtue of a writ of replevin issued on the appellant's complaint. The case was submitted to the court for trial without a jury and the court found against the appellant on its complaint and found that the appellant was not the owner of nor entitled to possession of said motor truck and ordered a return of the truck to the appellee and fixed its value at $700.00. The

appellant thereafter filed the motion for new trial which was overruled. The only assignment of error is the overruling of the motion for new trial.

Under this assignment the appellant challenges the sufficiency of the evidence to support the decision of the court. This requires a consideration of the evidence offered in this case.

It appears from the evidence that the appellant sold the truck in question on August 15, 1934, to the North Shore Fast Freight Service, Inc. This sale was under a conditional sale contract whereby the appellant retained title to said truck until the same should be fully paid for. This contract was entered into by the parties at Chicago, Illinois, and the agent of the appellant company who negotiated this contract and sale was the credit and collection manager of the appellant, who also resided in Chicago, Illinois. The truck was delivered to the North Shore Fast Freight Service, Inc., and remained in their possession, operating out of Chicago until March 20, 1935. On that date the purchaser was delinquent in payments under the terms of the contract and the chief executive officer of the North Shore Fast Freight Service, Inc., was called to the office of the appellant's credit manager with reference to the continued use of the truck. The appellant offered evidence to the effect that on said 20th day of March, 1935, a bill of sale was executed by the North Shore Fast Freight Service, Inc., purporting to convey back to the appellant the automobile truck in question and on the same day a new conditional sales contract was entered into with Highway Dispatch, a corporation, by Mr. S. as president, being one and the same person as the president and chief executive officer of the North Shore Fast Freight Service, Inc. There was evidence that after March 20, 1935, payments were made to the appellant by the Highway Dispatch, Inc., for a time but on the day on which the sheriff took pos-

session of said truck the Highway Dispatch, Inc., had been in default under terms of the contract for about two weeks. The evidence further discloses that during the entire time of these transactions the truck in question was driven by one K. who testified that the truck made regular trips between Chicago and Indianapolis; and that he was paid at all times by the North Shore Fast Freight Service, Inc.; and that he never received any money from the Highway Dispatch, Inc.; that he was never in their employment to his knowledge; that on two or three occasions, he was paid his wages by check from the U. S. Transit Lines. During all of this time he operated out of the same garage or warehouse in Chicago and that the truck was engaged generally in hauling merchandise for the public from Chicago to points in Illinois and to Indianapolis.

The evidence further discloses that the only certificate of title issued by the State of Indiana on said truck was under date of August 15, 1934, in the name of North Shore Fast Freight Service, Inc. This certificate showed a lien on said truck in favor of the appellant. This certificate was assigned to the appellant by the North Shore Fast Freight Service, Inc., on the 20th day of March, 1935, but no new title of certificate was ever applied for by the appellant or the Highway Dispatch, Inc.

The evidence further discloses that this truck was being operated between Chicago and Indianapolis under a permit issued by the Public Service Commission of Indiana in the name of North Shore Fast Freight Service, Inc., which card was in the cab of the truck at the time of the replevin action.

Evidence further discloses that neither the contract of conditional sale between the appellant and North Shore Fast Freight Service, Inc., nor the contract with the Highway Dispatch, Inc., was ever recorded in the office of the Secretary of State of Illinois nor did the

motor truck in question carry on its sides the name of the appellant as conditional vendor. The appellee contends that such failure on the part of the appellant to so record the conditional sales contracts and to have printed on said vehicle the name of appellant as vendor renders such contract invalid as to subsequent judgment creditors. This presents a difficult problem.

In support of this contention the statute of the State of Illinois covering conditional sales contracts was offered in evidence. This statute reads in part as follows:

"Whenever any equipment or rolling stock shall hereafter be sold, leased or loaned to any railroad company, street car company or company engaged in the transportation of persons or property for public use for hire between points within this State by means of motor vehicles, on the condition that the title to the same, notwithstanding the possession and use of the same by the vendee, lessee or bailee, shall remain in the vendor, lessor or bailor, until the terms of the contract as to the payment of the installments, amounts or rentals payable, or the performance of other obligations thereunder, shall have been fully complied with, but also providing that title thereto shall pass to the vendee, lessee or bailee on full performance of said terms, such contract shall be invalid as to any subsequent judgment creditor or any subsequent purchaser for a valuable consideration without notice, unless

"First: The same shall be evidenced by writing duly acknowledged by the vendee, lessee or bailee before some person authorized by law to take acknowledgments of deeds and in the form proper for acknowledgments of deeds.

"Second: Such writing shall be recorded, or a copy thereof filed, in the office of the Secretary of State, who shall be entitled to receive one dollar for each such copy filed by him.

"Third: Each locomotive, car or vehicle so sold, leased or loaned shall have the name of the vendor, lessor, or bailor plainly marked upon both sides thereof, followed by the word owner, lessor, vendor or bailor, as the case may be." Cahill's Rev. Statute, 1935, Sec. 65, Ch. 114.

This statute was not complied with by the appellant and the contract of sale, being an Illinois contract, is by the provisions of the Illinois statute invalid as to any subsequent judgment creditor. The judgment obtained against the North Shore Fast Freight Service, Inc., on the 3rd day of May, 1935, in the Lake Superior Court would accordingly be governed by the provisions of the Illinois statute if the North Shore Fast Freight Service, Inc., at that time had any right, title, or interest in the truck in question.

The conditional sales contract entered into between the appellant and the North Shore Fast Freight Service, Inc., being invalid under the law of the State of Illinois as to subsequent judgment creditors is invalid everywhere, in the absence of an intention clearly shown that the parties intended that the contract should be governed by the laws of another state. *Cable Co.* v. *McElhoe* (1915), 58 Ind. App. 637, 108 N. E. 790; *American Law Institute, Conflict of Law,* Sec. 267, 274, 279; *Chalmers & Williams* v. *Surprise, Rec.* (1919), 70 Ind. App. 646, 123 N. E. 841.

It follows, therefore, that if the North Shore Fast Freight Service, Inc., had any property rights in the truck in question, the appellee was entitled to seize said truck on a writ of execution against the North Shore Fast Freight Service, Inc., and the appellant as conditional vendor could not assert a prior right to said property. The appellant contends, however, that at the time of the seizure by the appellee, the North Shore Fast Freight Service, Inc., had no interest of any kind in the truck in question and that it had surrendered all right, title and interest to the appellant on March 20, 1935, as evidenced by the bill of sale bearing that date and by the assignment on the certificate of title issued by the Secretary of State of Indiana to said company.

The evidence shows this transaction to be regular in form and there is no evidence which would warrant the court in entirely disregarding it.

There was nothing on March 20, 1935, to prevent the appellant and North Shore Fast Freight Service, Inc., from rescinding the original contract of sale and the evidence shows without dispute that this was done. The parties had a right to surrender their interest in the truck, and the contract being supported by sufficient consideration, we know of no principle of law that impeaches such contract, if made in good faith and pursuant to an honest purpose. *Cable Co.* v. *McElhoe, supra.*

The appellant then sold the truck to the Highway Dispatch, Inc. The possession and operation of the truck remained in the North Shore Fast Freight Service, Inc. They operated out of Chicago almost daily, endowed with all the indicia of ownership. Does this operate to defeat the title of appellant as against subsequent judgment creditors of North Shore Fast Freight Service, Inc.? It is our opinion that it does not. The appellee invokes the statute of Indiana as controlling in this state which provides that the sale of a chattel not accompanied by delivery of possession is invalid. (§33-106 Burns 1933; §8371 Baldwin's 1934.) This statute does not apply to this transaction since this is an Illinois contract covering property located in Illinois. Neither does this statute apply to conditional sales where the title is reserved in the vendor.

The appellee seeks to uphold the judgment of the trial court denying the appellant the right of possession on the grounds that the appellant having endowed the North Shore Fast Freight Service, Inc., with all the indicia of ownership as to the truck in question can not now assert their title as against the

creditors of such corporation. Neither the appellant nor the appellee have offered any evidence as to the law in Illinois which governs the rights of creditors of one who has been permitted to hold possession and exercise all rights of ownership as against the holder of the legal title. In the absence of any averments or proof as to what the law of Illinois is, relating to such transactions it will be presumed that the common law in that regard, as interpreted and applied in this state, prevails there. By such law the sale of personal property under the circumstances shown, on condition that the title shall remain in the seller until the purchase price is paid, is valid, and the seller retains ownership though he delivers possession to another. *Chalmers & Williams* v. *Surprise, Rec., supra; Swain* v. *Schild* (1917), 66 Ind. App. 156, 117 N. E. 933; *Mills* v. *Criss* (1933), 205 Ind. 578, 187 N. E. 375.

Neither do we find in this case the elements of an equitable estoppel which would preclude the appellant from asserting its title as against the creditors of the North Shore Fast Freight Service, Inc. There is evidence in this case from which the court might find that the appellant had permitted the North Shore Fast Freight Service, Inc., to operate this truck under all the indicia of ownership. But there is no evidence from which the court could infer that the judgment creditor in this case had been in any way misled, deceived, or in any wise led to change his position in reliance upon such ostensible ownership. As was said by the Supreme Court of this state in *Kiefer et al.* v. *Klinsick* (1896), 144 Ind. 46, 54, 42 N. E. 447: "The vital principle of an equitable *estoppel* is that of fraud. He, who by his language or conduct, leads another to do what he would not otherwise have done, will not be permitted to subject such person to loss or injury by disappointing the expectations upon which he acted. . . . The doctrine has no application where everything is

equally known to both parties, or where the party sought to be estopped was ignorant of the facts out of which his rights sprung or where the other party was not influenced by the acts asserted in estoppel."

The record is silent as to any relationship which the judgment creditor bore to the North Shore Fast Freight Service, Inc., upon which an estoppel against the appellant might be operative.

The legal title to the truck in question as between the appellant and the North Shore Fast Freight Service, Inc., and the Highway Dispatch, Inc., always remained in the appellant. They were precluded from asserting this title as against the creditors of the North Shore Fast Freight Service, Inc., if said vendee had any right, title, or interest in this truck at the time of the levy of the execution by the appellee. It is our opinion that the evidence in this case conclusively shows no interest upon which to levy, and mere possession was not sufficient. There being no evidence sufficient to constitute an estoppel, it is our opinion that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The judgment of the lower court is accordingly reversed, with instructions to sustain the appellant's motion for new trial.

Curtis, C. J., not participating.