**Kim PEPKOWSKI, Appellant
(Plaintiff Below),**

v.

**LIFE OF INDIANA INSURANCE COM-
PANY; Quinet Life and Casualty Corp.;
Donald Webber Mortgage Company;
and Michael Wytrykus, Appellees (De-
fendants Below).**

No. 64A04–8710–CV–307.

Court of Appeals of Indiana,
Fourth District.

Aug. 9, 1988.

Richard A. Miller, Gouveia & Miller, Mer-rillville, for appellant.

Thomas C. Hays, N. Kathleen Wenzel, Lewis, Bowman, St. Clair Wagner, India-napolis, John McCrum, Eichhorn, Eichhorn & Link, Hammond, for appellees.

CONOVER, Presiding Judge.

Plaintiff–Appellant Kim Pepkowski (Pep-kowski) appeals the trial court's grant of summary judgment in favor of Defend-ants–Appellees Life of Indiana Insurance Company (Life of Indiana), Quinet Life and Casualty Corporation (Quinet), Donald Webber Mortgage Company (Webber), and Michael Wytrykus (Wytrykus) (collectively, the appellees).

We reverse.

Because we reverse, we address only the issue of whether the trial court erred in granting summary judgment on the issue of equitable estoppel.

The evidence favoring the non-movant indicates Webber employed Pepkowski on

September 3, 1985. At the time of hiring Pepkowski was covered by a health insurance policy issued by State Farm Insurance Company. The policy was due to terminate at the end of September. Webber had a group insurance policy plan with Life of Indiana, which was administered by Quinet. The policy provided an employee who had worked at Webber for thirty days and who was accepted for enrollment by Life of Indiana was eligible for coverage on the 15th day of the month following an initial thirty day waiting period, which began running on the first day of employment. Eligibility for coverage was based on the acceptance of an employee's application and the payment of the premium.

Pepkowski inquired as to Webber's insurance coverage and was referred to Wytrykus, a Webber employee. Wytrykus helped Pepkowski complete an application, gave her a booklet detailing Life of Indiana's policy benefits, then sent the application to the insurance company for her. Wytrykus told Pepkowski the insurance coverage would begin on October 1, 1985.

Pepkowski terminated her insurance with State Farm at the end of September believing her coverage with Life of Indiana began October 1, 1985. On October 9, 1985, Pepkowski was seriously injured in an automobile accident as she returned to work from lunch and was hospitalized. Elizabeth Gard (Gard), the hospital's insurance verifier, spoke with Wytrykus to verify Pepkowski's insurance coverage and was informed of an October 1, 1985, coverage date. Wytrykus later informed Gard of an October 15, 1985, coverage date. Life of Indiana and Quinet accepted Pepkowski's application, but denied her claim on the basis her insurance coverage did not begin until October 15, 1985.

Pepkowski filed suit based on a theory of equitable estoppel to avoid the 30 day waiting period language in Life of Indiana's policy. Life of Indiana, Quinet, Webber, and Wytrykus filed their motions for summary judgment. All were granted by the court. Pepkowski contends summary judgment was not appropriate because genuine issues of material fact exist as to her equitable estoppel theory.

Further facts as necessary appear below.

Summary judgment is appropriate only in limited situations. Ind.Rules of Procedure, Trial Rule 56 provides in part

(C) *Motion and Proceedings Thereon.*

... The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Trial Rule 5(D), together with any testimony show that there is *no genuine issue as to any material fact*, and that *the moving party* is entitled to judgment *as a matter of law....*

(E) *Form of Affidavits—Further Testimony—Defense Required....*

When a motion for summary judgment is made and *supported as provided in this rule,* an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him.... (Emphasis supplied).

Thus, the moving party carries the burden of establishing:

(a) there is no issue as to any material fact, and

(b) he is entitled to judgment as a matter of law.

*Hinkle v. Niehaus Lumber Co.* (1987), Ind. App., 510 N.E.2d 198, 200, *reh. denied.* The moving party must fulfill these two requirements before any burden shifts to the non-movant. *Id.* The non-movant may rest upon his pleadings until the moving party establishes no genuine factual issue exists. *Hinkle, supra,* at 200–201. If, however, the moving party successfully demonstrates no genuine issue exists, the nonmoving party must show the presence of such a fact to stave off summary judgment. *Fort Wayne Community Schools v. Fort Wayne Education Association, Inc.* (1986), Ind.App., 490 N.E.2d

337, 339; *Conrad v. Waugh* (1985), Ind. App., 474 N.E.2d 130, 134. In doing so, the nonmoving party may not merely rest upon his pleadings, but his response must set forth specific facts indicating an issue of material fact exists. *Raymundo v. Hammond Clinic Assoc.* (1983), Ind., 449 N.E.2d 276, 281; *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282, 1284; *Fort Wayne Community Schools, supra,* at 340; Ind.Rules of Procedure, T.R. 56(E). If the non-movant fails to meet this burden, summary judgment may be granted. *Raymundo, supra,* at 280; *Williams v. Lafayette Production Credit Association* (1987), Ind.App., 508 N.E.2d 579, 582, *reh. denied; Conrad, supra,* at 134; Ind.Rules of Procedure, T.R. 56(E).

When reviewing the grant of a summary judgment motion, we stand in the shoes of the trial court. *Hinkle, supra,* at 201. All evidence must be construed in favor of the non-movant and all doubts as to the existence of a material issue must be resolved against the movant. *Raymundo, supra,* at 280; *Hinkle, supra,* at 201; *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042, 1044; *Kahf v. Charleston South Apartments* (1984), Ind. App., 461 N.E.2d 723, 729. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *Hinkle, supra,* at 201; *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153.

Summary judgment is not a substitute for a trial to resolve factual disputes. Though the trial court may believe the nonmovant will be unsuccessful at trial, summary judgment should not be granted where material facts are disputed or conflicting inferences arise. *Hinkle, supra,* at 201.

Pepkowski first contends her theory of equitable estoppel prevents the appellees from defending based upon the language of the insurance policy. The doctrine of equitable estoppel states a person who, by his language or conduct, leads another to do something he would not have done otherwise, will not be permitted to subject such person to loss or injury by disappointing the expectations on which he acted. *International Harvester Co. of America v. Holley* (1939), 106 Ind.App. 329, 18 N.E. 2d 484, 487, *reh. denied.* To invoke the doctrine of equitable estoppel, the following elements must be established.

1) the defendant made a false representation of material fact or concealed a material fact,

2) the misrepresentation or concealment was made with actual or constructive knowledge of the true facts,

3) the misrepresentation or concealment was made to one who was without knowledge or a reasonable means of knowledge of the true facts,

4) the misrepresentation or concealment was made with the intent it should be relied upon, and

5) the plaintiff relied upon the misrepresentation or concealment to his detriment.

*Kahf, supra,* at 733.

The appellees contend Pepkowski fails to fulfill the elements of equitable estoppel. They argue she knew or possessed the means to know the date coverage began. Life of Indiana and Quinet further assert they made no false representation of material fact.

In support of their motions, the appellees submitted Pepkowski's insurance application, the benefit booklet, and Wytrykus's and Pepkowski's depositions. Pepkowski's application contains a clause limiting Life of Indiana's obligations under the policy until certain acts are completed. It states the company

shall incur no obligation ... unless and until the policy and certificate is delivered to the applicant and the first payment is paid in full while the health or other condition affecting insurability of the applicant are as so described in this application.

(R. 154). Pepkowski also received a benefits booklet from Wytrykus in which the effective date of the policy was defined as either the date it was issued or the date of its acceptance by the company. Because this evidence demonstrates Pepkowski pos-

sessed the means to know the correct date of coverage, the burden shifted to Pepkowski to demonstrate a disputed issue of material fact existed in order to stave off summary judgment.

Pepkowski testified in her deposition the application she completed had no effective date written on it and she relied on Wytrukus's assurances of the earlier coverage date. She further testified Wytrykus failed to tell her of the mandatory waiting period and Life of Indiana's requirement it must receive and approve an application prior to coverage.

Pepkowski also submitted the deposition of Gard, the hospital's insurance verifier. Gard testified Wytrykus told her Pepkowski's coverage began on October 1, 1985, but changed the effective date to October 15, 1985, during a conversation held several days later.

Pepkowski further argues the benefit booklet contained a certificate which led her to believe the policy had come into effect since the delivery of a certificate was a prerequisite to coverage listed in the application. In addition, she argues the premiums for such policies are automatically deducted from employee paychecks and she had no direct control over the payment of her first premium, nor any knowledge of whether any money was deducted on her behalf.

Under this state of factual affairs it is clear an issue of material fact exists as to Pepkowski's knowledge of the effective coverage date. Summary judgment was not appropriate.

Life of Indiana and Quinet further argue they made no false representation concerning the coverage date since Pepkowski spoke with no one acting for or on behalf of the insurance companies. They deny Wytrykus acted as their agent. The insurance companies cite Wytrykus's and Pepkowski's depositions as support. Wytrykus testified he never sold insurance for Life of Indiana or Quinet nor received compensation from them. Pepkowski testified she believed Wytrykus was Webber's agent and not the agent of Life of Indiana. Life of Indiana and Quinet successfully demon-strated Wytrykus did not act on their behalf; therefore, it became incumbent on Pepkowski to demonstrate a disputed issue of material fact exists.

Pepkowski contends Wytrykus was an agent of Life of Indiana and Quinet and, therefore, his acts of misrepresentation are imputed to the insurance companies. She argues the agency relationship may be inferred from the circumstances and actions of the parties. *Upchurch v. Henderson* (1987), Ind.App., 505 N.E.2d 455, 457; *Moehlenkamp v. Shatz* (1979), Ind.App., 396 N.E.2d 433, 436. Pepkowski sets forth several facts in support of her allegation:

1) Wytrykus provided the application form and assisted her in completing the form,

2) Wytrykus provided the benefits booklet containing the certificate,

3) Wytrykus mailed the applications directly to Life of Indiana and Quinet and did not go through any other agent to do so,

4) she was never contacted by any other insurance agent regarding her coverage, and

5) her application was accepted by Life of Indiana and Quinet.

Generally, the determination of an agency relationship is a question of fact. *Upchurch, supra,* at 457; *Dutton v. International Harvester Co.* (1987), Ind.App., 504 N.E.2d 313, 316. Pepkowski has successfully demonstrated genuine issues of material fact exist as to all defendants requiring trial on the merits. Summary judgment was improvidently entered.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent from the Majority with the knowledge that this is regrettably a hard case, but hard cases make bad law when equitable considerations give way to the clear legal rights of others. The foundation for an estoppel theory to be imple-

mented is not factually present. Pepkowski had more than reasonable means of knowing the effective date of her insurance coverage. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, at 733. The effective date was explained in the benefits booklet that was presented to her at the time she made her application for health insurance. She knew the date that she made the application for insurance. The effective date of her health insurance was a simple calculation.

The fact that she attached so little importance to the effective date of her new insurance before canceling her old insurance is a burden she will have to bear—not the Appellees. I would affirm the trial court.