DONALD L. REBEL ET AL. *v.* TOWN OF CHRISNEY, INDIANA ET AL.

[No. 172A57. Filed November 20, 1972. Rehearing Denied January 9, 1973.]

*Robert H. Rideout, Rideout and Phillips,* of Boonville, for appellant.

*Jack R. Robinson,* of Rockport, for appellee.

LYBROOK, J.—The Town of Chrisney (Town) adopted an ordinance annexing certain contiguous territory. From a decision upholding the annexation, the remonstrators (Rebel) appeal.

On January 19, 1970 the Board of Trustees of the Town of Chrisney adopted Ordinance #1970-1 seeking to annex a tract of land containing twenty-eight and eighty-seven hundredths of an acre, more or less. This area adjoined the south limits of the Town and was situated on both sides

of State Highway 45 and north of State Highway 70. Publication of the ordinance was duly made on January 23 and January 30, 1970, in the Rockport Journal and the Rockport Democrat. Rebel and other residents of the annexed area filed their remonstrance and appeal in the Spencer Circuit Court on February 4, 1970.

After trial and judgment against the remonstrators a Motion to Correct Errors was timely filed and thereafter overruled.

Rebel first contends that the Town failed to satisfy the requirement of publication and posting of notice of the ordinance as set out by statute. IC 1971, 5-3-1-4; Ind. Ann. Stat. § 49-704 (Burns 1951), is a lengthy section governing legal publications generally. The part applicable to the case at bar provides:

"If there be no newspaper published in such city or town, notice *may* be given by posting a copy of such notice, ordinance or report in each of three [3] places within such city or town, one [1] of which places shall be at or near the meeting-place of the city council, town board or board of school trustees, as the case may be, and one [1] of which places shall be at the post-office or bank in said city or town, and such notice, ordinance or report shall be published in two [2] newspapers of general circulation, circulating in said city or town or in the township in which said city or town is situated, which newspapers shall be published in the county." (Our Emphasis).

The above section should be read *in pari materia* with IC 1971, 18-5-10-20; Ind. Ann. Stat. § 48-717 (Burns Supp. 1972), which requires in part that:

"Immediately after the passage of every such ordinance the same shall be published once each week for at least two [2] consecutive weeks in accordance with Chapter 96, Acts of 1927. [§§ 49-701—49-709], as amended."

We note that while the provisions requiring two publications in two newspapers are preceded by the word "shall" and are

therefore mandatory; the provision referring to notice by posting in three places in the city or town is preceded by the word "may" and is therefore not mandatory. We conclude that the Town fully satisfied the notice requirements of the above statutes by the newspaper publications and that posting was not required.

Rebel next maintains that the Town failed to establish by a preponderance of the evidence that the requirements of the statute governing annexation had been met.

IC 1971, 18-5-10-32; Ind. Ann. Stat. § 48-729 (Burns Supp. 1972) reads in pertinent part as follows:

"Town annexation shall not be sustained on appeal unless the following requirements have been met:

(a) The resident population of the area sought to be annexed is equal to at least three [3] persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent [60%] of the land therein is subdivided; and

(b) At least one-eighth [⅛] of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing town; and

(c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed.

If, however, the evidence does not establish all three [3] of the foregoing factors the court shall sustain the remonstrance and deny the annexation . . ."

The trial judge made findings of fact to the effect that each of the three statutory requirements above had been satisfied. Although there was some conflict in the evidence it was sufficient to support each of the court's findings. A long standing and well settled rule prevents us

from weighing the evidence at the trial or judging the credibility of witnesses. *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 104 N.E.2d 669; *Rudd* v. *Anderson* (1972), 153 Ind. App. 11, 285 N.E.2d 836 and *Wm. J. & M. S. Vesey, Inc.* v. *Hillman* (1972), 151 Ind. App. 388, 280 N.E.2d 88.

Each requirement of the statute was satisfied as follows:

(a) The first requirement (three persons per acre) would be satisfied by proof that 87 persons resided in the annexed area. The evidence showed 90 area residents. However, two of these were minor children who were living with relatives until completion of the school term, their parents having moved to Fort Wayne. Appellant questioned the residence of Mr. and Mrs. Anthony Market. Although both were evidently living in the area temporarily, Mr. Market worked in Chrisney and there was no evidence to show that they were not part of the resident population at that time. Therefore, even assuming that the "legal" residence of the two minor children followed that of their parents, it is evident there were at least 88 persons residing in the area at the time of annexation. This met the requirements of the statute.

(b) The second requirement would be satisfied by proof that 753 feet of the boundary of the annexed area coincided with the town boundary. While appellant points out alleged discrepancies in the legal description, there was other positive evidence that the two areas shared a common boundary of 963 feet. This exceeded the minimum statutory requirement.

(c) The third prerequisite relates to governmental and proprietary services to be furnished the annexed area and would be satisfied by proof that the Town had a definite plan to furnish substantially equivalent services within three years. The evidence showed that the annexed area was already enjoying the same gas, water and fire protection services as the Town. It was also shown that street lighting and police protection could be extended. In addition the Town was in the process of obtaining a federal grant for sewer construction under a system capable of being extended.

Appellants finally claim error allegedly resulting from the testimony of a Richard Schoolcraft as to the population of the area. They contend that part of his testimony was hearsay because his source was his wife's telephone conversations with two area families. However, Schoolcraft also testified that he had lived in the Town for 28 years and that he knew all the persons involved. Mr. Schoolcraft had personal knowledge of the matters about which he testified. The admission of his testimony was neither harmful nor prejudicial to appellants.

There being no error, the judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 289 N.E.2d 298.