Robert D. WHITMER et al.,
Appellants-Remonstrators,

v.

TOWN OF NORTH LIBERTY, Indiana,
Appellee-Defendant.

No. 3–379A59.

Court of Appeals of Indiana,
Third District.

Sept. 27, 1979.

Rehearing Denied Nov. 27, 1979.

Don G. Blackmond, South Bend, for appellants-remonstrators.

James M. Miller, Hammerschmidt, Bonewitz & Miller, South Bend, for appellee-defendant.

HOFFMAN, Judge.

Robert Whitmer and others (appellants) remonstrated against the annexation of their property by the Town of North Liberty. The trial court upheld the validity of the annexation ordinance, finding it legally sufficient to append the territory in question. Appellants then timely perfected this appeal alleging that the decision below is contrary to law and evidence in that the ordinance in question was improperly adopted, and the area sought to be annexed is not contiguous to the boundaries of the existing Town of North Liberty.

The evidence favorable to the decision below is that Annexation Ordinance No. 4–1975 was unanimously adopted by the Town Board of North Liberty at a regularly held year end meeting on December 22, 1975. For the next two consecutive weeks the ordinance containing a description of the territory to be annexed, was published in two weekly newspapers, the *Countryman's Press* and *Independent-News*, each of general circulation in St. Joseph County, Indiana.

Appellants argue that the Town must first prove that it proceeded in accordance with a previously adopted standard of conduct for its meetings. This contention is erroneous, as it is state statutes which govern such conduct and not separate rules for enactment passed by individual town boards. Municipalities in this state exist pursuant to a state legislative grant of power and their conduct is governed by state statutes. *See generally* IC 1971, Title 18, City and Town Government. *See also: Schneck v. City of Jeffersonville* (1898), 152 Ind. 204, 52 N.E. 212. Within the Cities and Town Act of 1969, two statutes in particular govern the enactment of an annexation ordinance.

IC 1971, 18–5–10–30 (Burns Code Ed.) provides in applicable part that:

"Procedure.—Annexation of contiguous territory shall be made by the enactment of a town ordinance pursuant to the general procedure provided for the enactment of either separate or special annexation ordinances by cities and shall include a description of the territorial limits of the area."

and IC 1971, 18–5–10–20 (Burns Code Ed.) states:

"Annexation of lands by separate ordinance not defining corporate boundaries. —The common council may also, by separate ordinance not purporting to define the entire boundaries of the city, annex contiguous territory, whether platted or not, to the city, and may include such terms and conditions, as hereinafter defined, as may be deemed just and reasonable by the common council, and a certified copy of the ordinances shall be conclusive evidence in any proceeding that the territory therein described was properly annexed and constitutes a part of the city. The annexation ordinances shall become final and binding sixty [60] days after final publication thereof in the absence of remonstrance and appeal as provided in section 406 [18–5–10–24] of this article. Immediately after the passage of every such ordinance the same shall be published once each week for at least two [2] consecutive weeks in accordance with chapter 96, Acts of 1927 [5–3–1–1—5–3–1–9], as amended."

The procedures undertaken by the Town of North Liberty complied with both of these statutes giving towns the specific authority to annex territory. The evidence further shows that Ordinance No. 4–1975 was passed unanimously and that the Board simultaneously approved a fiscal plan and

timetable for providing governmental and proprietary services to the annexed area.

Appellants further maintain that the ordinance as adopted was ineffective because the fiscal plan required by IC 1971, 18–5–10–32(c) (Burns Code Ed.) was not incorporated into the ordinance. Appellants cite as authority for this proposition *Harris v. City of Muncie* (1975), Ind.App., 325 N.E.2d 208 and *York v. Town of Carmel* (1975), Ind. App., 337 N.E.2d 511.

■ In *Harris* the evidence was completely void of any commitment to a fiscal plan or definite policy to provide the required services to the area sought to be annexed. This Court held that such plan was required of the city in each case of annexation governed by IC 1971, 18–5–10–25, which called for the existence of " . . . some observable and reviewable program for providing the required services and some commitment to the implementation of that program . . . " 325 N.E.2d at 213. The Court also expressly reserved judgment on whether a written plan was necessary to satisfy the prerequisite of IC 1971, 18–5–10–32(c). In *York* the Court, relying on the holding in *Harris*, found that the Town of Carmel had not established a "definite policy" as required. The Court again reserved judgment as to whether a written plan was necessary. In the case at bar a written plan was introduced into evidence and testimony was presented concerning the plan and its adoption. The plan is adequately preserved for the Court's review. There is no requirement that the fiscal plan be a part of the annexation ordinance within the statute. The trial court was therefore correct in finding that Ordinance No. 4–1975 was duly enacted by the Town Board.

■ Appellants next maintain that the trial court erred in upholding the annexation ordinance because the area sought to be annexed is not contiguous to the existing Town boundaries. The area in question is a strip of land which extends on either side of State Road 23 varying in width from 345 feet to 352 feet. Appellants maintain that annexing such a narrow strip evades the

spirit and meaning of the annexation statutes, IC 1971, 18–5–10–29 and 18–5–10–32. It is well settled that annexation is a legislative and not a judicial function. *City of Aurora v. Bryant et al.* (1960), 240 Ind. 492, 165 N.E.2d 141 and cases therein cited.

The latest legislative enactment governing annexation is IC 1971, 18–5–10–32 adopted in 1969, and the statute in effect at the time that this ordinance was adopted. The statute defines the requirements to be met as follows:

"Requirements to be met.—Town annexation shall not be sustained on appeal unless the following requirements have been met:

(a) The resident population of the area sought to be annexed is equal to at least three [3] persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent [60%] of the land therein is subdivided; and

(b) At least one-eighth [⅛] of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing town; and

(c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed. "If, however, the evidence does not establish all three [3] of the foregoing factors the court shall sustain the remonstrance and deny the annexation unless the area although not meeting the conditions of factor (a) supra is bordered on one-fourth [¼] of its aggregate external boundaries by the boundaries of the town and is needed and can be used by the town for its future development in the reasonably near future, the court may order the pro-

posed annexation to take place notwithstanding the provisions of any other law of this state. The laws providing for change of venue from the county shall not apply, but changes of venue from the judge may be had as in other cases. Costs shall follow judgment. Pending the appeal, and during the time within which the appeal may be taken, the territory sought to be annexed shall not be deemed a part of the annexing town."

 In the instant case each of these requirements was met. Eighty-three persons resided within the 23.7 acre tract, satisfying (a) above. Further evidence shows that 22.9% of the boundary of the area to be annexed coincides with the existing Town boundary, exceeding the ⅛ contiguity required by part (b). Finally, as previously related, and required by (c) above, a fiscal plan and policy designed to furnish the territory with governmental and proprietary services substantially equivalent in standard and scope to those existing in North Liberty had been adopted. In fact, the evidence disclosed that the area was already enjoying substantially equivalent sanitary treatment and water service facilities, fire and police protection services, as well as snow removal and road repair services.

Because all of the statutory requirements have been met we decline appellants' invitation to expand upon them. The Legislature has remained silent as to any acceptable or nonacceptable configurations, and has not set a more specific standard for compactness, as appellants suggest. *See, Rebel et al. v. Town of Chrisney et al.* (1972), 154 Ind.App. 119, 289 N.E.2d 298 where a narrow strip was approved for annexation. The area involved here was shown to be conducive to commercial and some residential development, and appropriately zoned. The Board adopted the ordinance based on its assessment of the need for an area of future growth and development. Therefore, the ordinance is legally sufficient to annex the proposed area; no

error was committed by the court below and the judgment is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.