Wayne B. STALLARD, Woodrow B.
Manchak et al.,
Plaintiffs-Appellants,

v.

The TOWN OF ST. JOHN, LAKE COUN-
TY, Indiana; William T. Tuley, Kenneth
C. Fehlberg, Eugene J. Smith, Individu-
ally and as members of the Board of
Trustees of the Town of St. John, Indi-
ana, Defendants-Appellees.

No. 3-177A28.

Court of Appeals of Indiana,
Third District.

Dec. 10, 1979.

Rehearing Denied Jan. 21, 1980.

James R. Bielefeld, Crown Point, for
plaintiffs-appellants.

Andrew Rodovich, Hand, Muenich & Ro-
dovich, Hammond, for defendants-appellees.

HOFFMAN, Judge.

Appellants Wayne B. Stallard and Wood-
row B. Manchak (Remonstrators) appeal
from the denial by Lake Circuit Court of
their remonstrance, on behalf of themselves
and all others similarly situated, to the an-
nexation of certain real estate by the Town
of St. John, defendant-appellee.

They argue, *inter alia*, that the trial court
erred in finding that St. John had devel-
oped, prior to February 12, 1973, the date of
the passage of the annexation ordinance, a
specific, demonstrable fiscal plan to furnish
the annexed area with governmental and
proprietary services substantially equiva-
lent in standard and scope to those services
furnished by St. John to other areas of the
town with topography, patterns of land uti-
lization and population density similar to
that of the annexed area, as required by IC
1971, 18–5–10–32 (Burns Code Ed.).

The judgment of the trial court is re-
versed.

In addition to the issue here addressed,
Remonstrators challenged: (1) the trial
court's failure to require contiguity be-
tween the inhabited portion of the town

and the inhabited portion of the annexed area; (2) two additional findings made by the trial court under IC 1971, 18–5–10–32; and (3) the constitutionality of that statute.

IC 1971, 18–5–10–32 reads as follows: "Requirements to be met.—Town annexation shall not be sustained on appeal unless the following requirements have been met:

(a) The resident population of the area sought to be annexed is equal to at least three [3] persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent [60%] of the land therein is subdivided; and

(b) At least one-eighth [⅛] of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing town; and

(c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed.

"If, however, the evidence does not establish all three [3] of the foregoing factors the court shall sustain the remonstrance and deny the annexation unless the area although not meeting the conditions of factor (a) supra is bordered on one-fourth [¼] of its aggregate external boundaries by the boundaries of the town and is needed and can be used by the town for its future development in the reasonably near future, the court may order the proposed annexation to take place notwithstanding the provisions of any other law of this state. The laws providing for change of venue from the county shall not apply, but changes of venue from the judge may be had as in other cases. Costs shall follow judgment. Pending the appeal, and during the time within which the appeal may be taken, the territory sought to be annexed shall not be deemed a part of the annexing town."

In *Harris et al. v. City of Muncie* (1975), 163 Ind.App. 522, 325 N.E.2d 208, this Court interpreted the language of IC 1971, 18–5–10–25 (Burns Code Ed.) [1] which sets out the findings required to sustain the annexation of land by a city, and which is substantially identical to the language of IC 1971, 18–5–10–32, *supra*, which sets out the findings required to sustain the annexation of land by a town.

*Harris* interpreted the ambiguous final paragraph of IC 1971, 18–5–10–25 to require that no annexation by a city can be sustained without the critical findings required by subsection (c). The *Harris* interpretation of IC 1971, 18–5–10–25(c) was applied to the identical language of IC 1971, 18–5–10–32(c) in *York et al. v. Town of Carmel* (1975), 166 Ind.App. 672, 337 N.E.2d 511. Thus, the trial court's judgment sustaining the annexation by St. John cannot be affirmed if the court erred in making the findings required by subsection (c). At the time of the passage of the annexation ordinance, St. John was required by statute to have in existence both a "fiscal plan" and a "definite policy" to furnish the annexed area, within three years, services substantially equivalent to those provided other similar areas of St. John.

In *Harris v. City of Muncie, supra*, 325 N.E.2d at 213, this Court held that IC 1971, 18–5–10–25(c) requires that "an annexing city should have some observable and reviewable program for providing the required services and some commitment to the implementation of that program." In *York v. Town of Carmel, supra*, this Court interpreted IC 1971, 18–5–10–32(c) to re-

1. This statute was substantially amended by Acts 1979, P.L. 174, § 1. For current status, see Burns 1979 Supp.

quire the same of an annexing town. In each case, the evidence in the record was measured by this yardstick and found lacking, and the judgment sustaining the annexation was overturned.

In *Harris*, this Court expressly reserved judgment on whether a written plan is necessary to satisfy the statutory requirements but, in *dictum*, strongly implied that the "fiscal plan" and "definite policy" must be reflected in the appropriate records of the corporation. The *Harris* language reserving judgment on the issue was quoted in *York* but the issue was again not addressed. The time has come to address the issue.

■ It is a well-settled common law principle that a board, commission, administrative body or a corporation speaks or acts officially only through the minutes and records made at a duly organized meeting. *Jones v. State ex rel. Indiana L. S. Board* (1960), 240 Ind. 230, 163 N.E.2d 605. Nearly a hundred years ago in *Byer v. The Town of New Castle et al.* (1890), 124 Ind. 86, 24 N.E. 578, the Supreme Court espoused the often cited doctrine that the only competent evidence of any act or proceeding of a municipal body upon which the members of the corporate board are required to vote is the record of the proceedings.

■ It necessarily follows that for St. John to prove that, prior to or contemporaneously with the passage of the annexation ordinance, it had developed a fiscal plan and established a definite policy for the provision of the required services to the area within three years of annexation, St. John was required to offer into evidence written records of its proceedings reflecting the fiscal plan and policy required by IC 1971, 18–5–10–32(c). *See: Whitmer v. Town of North Liberty, Indiana* (1979), Ind.App., 395 N.E.2d 280.

This interpretation of IC 1971, 18–5–10–32(c) is necessary to preserve for landowners of the annexed area the protection intended to be afforded them by the Legislature when, in 1974, it passed IC 1971, 18–5–10–32.5 (Burns 1979 Supp.). That statute authorizes an owner of annexed land to institute proceedings against an annexing town that fails to implement its plan for providing services. As indicated in *Harris v. City of Muncie, supra,* if a written plan duly reflected in the official town records were not required under IC 1971, 18–5–10–32, a landowner filing suit under IC 1971, 18–5–10–32.5 would be faced with attempting to establish a failure to implement a plan whose existence he might be incapable of proving in the first instance. Thus, he would be relegated to tilting with windmills.

The record shows that the clerk-treasurer of St. John brought with her to trial the official records of all official meetings held by the Town Board from August 14, 1972 through January 8, 1973, the period of time leading up to the passage of the annexation ordinance, and testified that the town records contained no express reference to the annexation or to any kind of plan for the provision of services to the annexed area. She further testified that the only reference of any kind was "in the [annual] budget that was adopted on August the 28th, but it does not give a breakdown." This testimony conclusively establishes that the official records of the Town of St. John contained neither a fiscal plan nor a definite policy or plan for the provision of the required services to the area to be annexed. The finding of the trial court to the contrary was thus contrary to law, and the judgment sustaining the annexation must be reversed.

Reversed.

GARRARD, P. J., and STATON, J., concur.