John SEDLAK et al.,
Plaintiffs-Appellants,

v.

TOWN OF ST. JOHN LAKE COUNTY, Indiana, William T. Tuley, Kenneth C. Fehlberg, Eugene J. Smith, Individually and as members of the Board of Trustees of the Town of St. John, Indiana, Defendants-Appellees.

No. 3–279A37.

Court of Appeals of Indiana, Fourth District.

May 12, 1980.

---

James R. Bielefeld, Crown Point, for plaintiffs-appellants.

Andrew P. Rodovich, Hand & Muenich, Hammond, for defendants-appellees.

CHIPMAN, Judge.

This is an appeal from a denial of a remonstrance to a municipal annexation.

---

On February 12, 1973, the Town of St. John passed three ordinances annexing three parcels of land. Appellant Sedlak and others filed a remonstrance to the annexation of one of these parcels in the Lake Circuit Court in April, 1973. At least one other remonstrance to one of the other annexations was filed and denied in the Lake Circuit Court. The Court of Appeals, Third District, reversed the denial of that remonstrance in *Stallard v. Town of St. John*, (1979) Ind.App., 397 N.E.2d 648. We now address the merits of Sedlak's remonstrance.

Eight issues are raised in this appeal, including challenges to the court's findings of fact and the constitutionality of the annexation statute. The only issue we need address, however, concerns the court's finding that the town had developed a "fiscal plan" and "definite policy" regarding governmental services as required by Ind.Code 18–5–10–32(c). Sedlak argues such a plan is an indispensable prerequisite to a valid annexation and that since the Town failed to prove the existence of such a plan his remonstrance should not have been denied. The Town contends there was substantial evidence which indicated the Town of St. John did in fact have a "specific, demonstrable and observable program for providing services." Having reviewed the record and studied controlling precedent we conclude appellant Sedlak is correct and reverse.

Ind.Code 18–5–10–32(c) provides:

Requirements to be met.—Town annexation shall not be sustained on appeal unless the following requirements have been met:

* * * * * *

(c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed.

A very similar statute concerning annexations by cities was interpreted in *Harris v. City of Muncie*, (1975) 163 Ind.App. 522, 325 N.E.2d 208. See Ind.Code 18–5–10–25(c). *Harris* clearly required a systematic program for the provision of governmental and proprietary services as a condition to a valid annexation. Noting the similarity between the two statutes, this Court later applied the principles announced in *Harris* to annexations by towns. *York v. Town of Carmel*, (1975) 166 Ind.App. 672, 337 N.E.2d 511.

Not all the questions raised by an interpretation of Ind.Code 18–5–10–32(c) were answered by *Harris* and *York*, however. *Harris* expressly reserved judgment on whether the required plan had to be written and *York* did not address the question. However, in *Stallard v. Town of St. John*, (1979) Ind.App., 397 N.E.2d 648, a companion to this case, it was held that subsection (c) required a written plan. There were two bases for the decision. First, the long established principle that a municipal corporation may speak only through its minutes or records made at a duly organized meeting compels the conclusion that a plan must be written. Additionally, a written plan is needed to protect the right of landowners to institute proceedings to force an annexing town to provide services promised under a plan. Ind.Code 18–5–10–32.5. "[I]f a written plan duly reflected in the official town records were not required under IC 1971, 18–5–10–32, a landowner filing suit under IC 1971, 18–5–10–32.5 would be faced with attempting to establish a failure to implement a plan whose existence he might be incapable of proving in the first instance." *Stallard v. Town of St. John, supra*, 397 N.E.2d at 650. We see no reason to dispute *Stallard's* conclusion or reasoning.

The evidence reveals a lack of a written fiscal plan and definite policy. The Town Board President testified there was no written plan other than the Town's budget.

Q. Mr. Tuley, there was no written fiscal plan in any of your Town Records for the provision of services to this area, was there, at the time of the passage of the Ordinance in 1973?

A. There was no written plan other than our usual budget. If I may make an example of what I am saying—

Q. You have answered the question, thank you.

\* \* \* \* \* \*

Q. So your Town Records then had no Ordinance or resolution present other than your budget from August of 1972 that reflected a fiscal plan of any kind to show the services that would be provided to this area proposed for annexation, is that correct?

A. We have no fiscal plan other than the budget that you would show service to any area, we feel that we can incorporate the total area within our normal budget.

While discussing the contents of the Town's official records the Clerk-Treasurer testified there was no written plan contained therein.

Q. And you found no reference to any fiscal plan of any kind or character in the minutes of the Town, is that not correct?

A. No.

Q. What?

A. I mean it is, you are correct in your—

Q. There was no fiscal plan?

A. There was no written fiscal plan in those minutes.

The lack of a written "fiscal plan and . . . definite policy to furnish . . governmental and proprietary services" is established conclusively and without conflict by this testimony. The judgment of the trial court denying the remonstrance, therefore, is contrary to law and hereby reversed.

Reversed.

MILLER, P. J., and YOUNG, J., concur.