Nov. Term, 1840.

DRUMMOND *v.* LESLIE.

---

## DRUMMOND *v.* LESLIE.

The circumstance that the jury in a civil action had, after the cause was submitted to them, separated from *Saturday* night till *Monday* morning when they gave in their verdict,—is not sufficient, of itself, to vitiate the verdict.

The affidavit of a third person, that he had heard several of the jurors say respecting their verdict in a civil suit, that each had proposed a certain sum, that the aggregate was divided by twelve, and that the amount thus obtained was adopted as their verdict, (whether it shows any misconduct or not,) is not admissible to impeach the verdict.

Although the words laid in a declaration in slander do not contain a directly affirmative charge that the plaintiff had committed forgery, yet if they were calculated to induce the hearers to *suspect* that the plaintiff had committed it, they are actionable.

APPEAL from the *Clark* Circuit Court.

BLACKFORD, J.—This was an action of slander brought by *Leslie* against *Drummond.*

The first count of the declaration, after the usual inducement of the plaintiff's good character, states that before, &c., the plaintiff had owed the defendant for certain quarters' rent of a house; that the plaintiff had paid the same, and taken receipts from the defendant for the several amounts, (describ-

*Tuesday, December 1.*

ing the receipts particularly;) and that the plaintiff had used, uttered, and published, the receipts against the defendant as true and as evidence of said payments; yet the defendant well knowing, &c., and contriving and wickedly and maliciously intending to injure, &c., and to cause it to be suspected and believed that the plaintiff had been guilty of forgery, theretofore, &c. in a certain discourse, &c. of and concerning the plaintiff, and of and concerning the matters aforesaid, (setting them out,) falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning the matters aforesaid, (setting them out,) these false, scandalous, and malicious words, viz., " The receipt (the aforesaid last-described receipt meaning) has been forged; it (the aforesaid last-described receipt meaning) is forged, but I (the defendant meaning) do not say who forged it; the receipts (meaning the aforesaid described receipts) are forged, but I (the defendant meaning) will not say who forged them;" the defendant thereby falsely and maliciously charging the plaintiff with, and imputing to him, the crime of forgery; to the injury, &c.

In another count, having a similar inducement and *colloquium* with the first count, the words laid, *inter alia*, are as follows: " Some one forged that receipt, but I do not say who forged it, (the said receipt meaning,) but *Leslie* (the plaintiff meaning) can say who did it."

To this action, the plea of not guilty was filed. Verdict for the plaintiff. Motion by the defendant for a new trial, and in arrest of judgment, overruled; and judgment on the verdict.

The first objection made to the verdict is, that the jury had separated, after the cause was submitted to them, from *Saturday* night until *Monday* morning, when they gave in their verdict to the Court. This objection is untenable. *Rex* v. *Woolf*, 1 Chitt. Rep. 401.—*The King* v. *Kinnear*, 2 Barn. & Ald. 462. Besides, the parties here consented to the separation.

The second objection is founded on the affidavit of a stranger, that he had heard several of the jurors say that each had proposed a certain sum, that the aggregate was divided by twelve, and that the amount thus obtained was adopted as

the verdict. We shall not stop to inquire whether this affidavit shows any misconduct in the jury or not. Supposing it does, the affidavit was inadmissible. The affidavits of the jurors themselves of their misconduct, are not admitted to impeach their verdict; *Dana* v. *Tucker*, 4 Johns. 487; *a fortiori*, an affidavit of a stranger, of their statements on the subject when not under oath, ought not to be received.

The third objection is, that the evidence did not authorize the verdict; but the objection is not supported by the record. The evidence, we think, is in favour of the plaintiff.

The defendant contends that the words are not actionable, and that the judgment should therefore have been arrested; but we are of a different opinion. There is not, it is true, a directly affirmative charge, that the plaintiff had committed forgery; nor was that necessary. If the words were calculated to induce the hearers to suspect that the plaintiff was guilty of the crime, they were actionable; Stark. on Sland. 58; and we think the words in question, taken in connection with the circumstances under which they are alleged to have been spoken, are of that character.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. W. Payne*, for the appellant.

*J. G. Marshall* and *A. C. Griffith*, for the appellee.