ALUMINUM COMPANY OF AMERICA, a corporation, Appellant (Plaintiff Below),

v.

The CITY OF LAFAYETTE, Indiana, Appellee (Defendant Below).

No. 2-879 A 252.

Court of Appeals of Indiana, Second District.

Nov. 19, 1980.

John J. Dillon and William T. Rosenbaum, Dillon, Hardamon & Cohen, Indianapolis, Thomas L. Ryan, Stuart, Branigan, Ricks & Schilling, Lafayette, for appellant.

Richard T. Heide, Kristin F. Magneson and Robert L. Bauman, Lafayette, for appellee.

SHIELDS, Judge.

Appellant Aluminum Company of America (Alcoa) appeals from a denial of a remonstrance to annexation by the City of Lafayette (City).

We reverse in part.

■ IC 18–5–10–25 (Burns Code Ed.), which specifies the findings required to sustain the annexation of land by a city, provides in pertinent part:

"If the evidence establishes that:

.   .   .   .   .   .

(c) The annexing city has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing city to other areas of the city which have characteristics of topography, pattern of land utilization and population density similar to the territory to be annexed; the court shall order the proposed annexation to take place notwithstanding the provisions of any other law of this state."

In *Sedlak v. Town of St. John, Lake County,* (1980) Ind.App., 403 N.E.2d 1126 and *Stallard v. Town of St. John, Lake County,* (1979) Ind.App., 397 N.E.2d 648, it was held that IC 18–5–10–32, which sets out the findings required to sustain the annexation of land by a town and which is substantially identical to IC 18–5–10–25, requires a *written* fiscal plan and definite policy. We hold that IC 18–5–10–25 also makes this requirement.

` ■ In the case at hand, the trial court specifically found:

"2. The City developed no specific fiscal plan or definite policy, as such, to furnish the requisite services within three years, contending that it was capable of providing all such services within the time limit."

The City does not challenge this finding which conclusively establishes the lack of written fiscal plan and definite policy to furnish governmental and proprietary services. Furthermore, the trial court's determination that City had the capability to provide the required services necessarily falls short of a written fiscal plan and definite policy to in fact provide the required services. A finding of capability is not an acceptable substitute in light of the rationale for the requirement of a written fiscal plan and definite policy as set forth in *Stallard* :

"This interpretation of IC 1971, 18–5–10–32(c) is necessary to preserve for landowners of the annexed area the protection intended to be afforded them by the Legislature when, in 1974, it passed IC 1971, 18–5–10–32.5 (Burns 1979 Supp.). That statute authorizes an owner of annexed land to institute proceedings against an annexing town that fails to implement its plan for providing services. As indicated in *Harris v. City of Muncie, supra* (163 Ind.App. 522, 325 N.E.2d 208), if a written plan duly reflected in the official town records were not required under IC 1971, 18–5–10–32, a landowner filing suit under IC 1971, 18–5–10–32.5 would be faced with attempting to establish a failure to implement a plan whose existence he might be incapable of proving in the first instance. Thus, he would be relegated to tilting with windmills."

*Stallard* at 650.

The judgment of the trial court denying the remonstrance, therefore, is contrary to law and hereby reversed.

■ The City, on cross–appeal, asserts the trial court erred in dismissing its counterclaim alleging malicious prosecution and libel for a failure to state a claim upon which relief can be granted. We disagree and affirm the dismissal.

The essential elements of a malicious prosecution action are:

"... the prosecution of some legal proceedings by, or at the instigation of, defendant, the absence of probable cause to do so, malice in instituting the proceedings, the termination of such proceedings in plaintiff's favor, and damages sustained by plaintiff."

19 I.L.E. Malicious Prosecution, Ch. 1, § 1.

*Dwyer v. McClean*, (1961) 133 Ind.App. 454, 461, 175 N.E.2d 50, 53. The subject counterclaim for malicious prosecution on its face complains of the initiation and "continued malicious prosecution" of the remonstrance by Alcoa. Therefore, City pled itself out of court by affirmatively alleging its claim for malicious prosecution had not yet matured. *Hunter v. Milhous*, (1974) 159 Ind.App. 105, 305 N.E.2d 448. Furthermore, this issue is made moot by our reversal of the trial court's judgment in favor of the City.

■ We further hold the trial court did not err in dismissing the City's claim for libel. A governmental entity cannot maintain an action for defamation in its own right even if a defendant maliciously publishes the defamatory statements knowing them to be false and with an intent to injure. *New York Times Company v. Sullivan*, (1964) 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686; *Louisiana v. Time, Inc.*, (1971) La.App., 249 So.2d 328; *City of Chicago v. Tribune Co.*, (1923) 307 Ill. 595, 139 N.E. 86.

Judgment reversed in part and affirmed in part.

BUCHANAN, C. J., and SULLIVAN, J., concur.