Martha COSTELLO, Appellant-Plaintiff,

v.

MUTUAL HOSPITAL INSURANCE INC., and Mutual Medical Insurance, Inc., d/b/a Blue Cross and Blue Shield of Indiana, Appellees-Defendants.

No. 4–182A13.

Court of Appeals of Indiana, Fourth District.

Nov. 9, 1982.

Rehearing Denied Dec. 15, 1982.

Don P. Campbell, Wallace, Campbell, Bunch & Shambach, Covington, Buena Chaney, Mann, Chaney, Johnson & Goodwin, Terre Haute, for appellant-plaintiff.

Donald C. Trigg, Indianapolis, for appellees-defendants.

CONOVER, Judge.

Martha Costello, appellant, appeals a summary judgment granted in Fountain Circuit Court in favor of the appellee, Mutual Hospital Insurance, Inc., and Mutual Medical Insurance, Inc., doing business as Blue Cross and Blue Shield of Indiana (Blue Cross). Costello's motion to correct errors was overruled. She asserts the following errors for review:

1. Did the trial court err in finding there was no evidence of malice?

2. Did the trial court erroneously determine the original action was brought with probable cause?

Affirmed.

Martha Costello was covered by a group medical insurance policy written by Blue Cross and Blue Shield of Indiana. Her daughter, Gina, was also covered by the terms of the policy as a dependent.

Gina was injured in an automobile accident and required hospitalization and physician's services. All expenses were paid by Blue Cross, under the terms of the policy, and subject to a subrogation provision in the insurance contract. It provided:

In the event of any payment for services under this policy, The Corporations shall, to the extent of such payment, be subrogated to all rights of recovery of the Member or Dependent arising out of any claim or cause of action which may accrue because of the alleged negligent conduct of a third party. Any such Member or Dependent hereby agrees to reimburse

The Corporations, for any benefits so paid hereunder, out of any monies recovered from such third party as the result of judgment, settlement or otherwise. . . .

Martha informed Blue Cross that Gina was an adult and they should contact her to arrange repayment. Blue Cross was also told Gina was prosecuting a personal injury action against the other party to the accident. Gina's personal injury claim was eventually settled. In spite of Martha's letters to Blue Cross, the insurance carrier continued to attempt recovery from Martha. The attorney for Gina and Martha also attempted to rectify the error with letters to Blue Cross.

Blue Cross eventually filed a claim against Martha and Gina to recover payments made by Blue Cross. Gina paid the amount in question and the suit was dismissed with prejudice.

Subsequent to the termination of the collection suit, Martha filed a complaint against Blue Cross, charging them with malicious prosecution. Blue Cross answered the complaint and moved for summary judgment, which was granted.

## DISCUSSION AND DECISION

■ Summary judgment is appropriate when:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Ind. Rules of Procedure, Trial Rule 56(C). A party challenging an adverse grant of summary judgment must show either a genuine issue of material fact in dispute or erroneous legal conclusions drawn from undisputed facts. *Campbell v. Eli Lilly & Co.,* (1980) Ind.App., 413 N.E.2d 1054, trans. denied Ind., 421 N.E.2d 1099; *Tabani v. Hester,* (1977) 174 Ind.App. 56, 366 N.E.2d 193.

■ When an appellate court reviews the grant of a summary judgment the following rules apply. A fact will be regarded as material if it affects the outcome of the litigation. *Stuteville v. Downing,* (1979) Ind.App., 391 N.E.2d 629. A factual issue is genuine if it may not be resolved by reference to undisputed facts. *American Family Mutual Insurance Co. v. Kivela,* (1980) Ind. App., 408 N.E.2d 805. All facts set forth by the party opposing the motion for summary judgment are regarded as true and any doubts are resolved in favor of the non-moving party. *Campbell, supra.* Any necessary inferences drawn from the facts presented are resolved against the moving party.

After reviewing the evidence submitted the court issued the following conclusions of law:

*Conclusion 1.* Defendants acted *properly* in prosecuting the case against Martha because they were following their 'ordinary course of business'; and

*Conclusion 2.* There was no *intention* of bad faith on the part of defendants in suing Martha, and there was no evidence of malice on the part of the defendants; and

*Conclusion 3.* Defendants has 'probable cause' to prosecute the lawsuit against Martha, which was prior to the decision of the Indiana Court of Appeals in *Mutual Hospital v. McGregor* (1977) 368 N.E.2d 1376, and *Hagerman v. Mutual Hospital* (1978) 371 N.E.2d 394; and

*Conclusion 4.* The prosecution against Martha was not terminated in Martha's favor, but merely terminated.

To prevail Martha must show summary judgment was improperly rendered on each element of her claim for malicious prosecution. If Blue Cross was entitled to summary judgment on any necessary element, summary judgment was correctly entered.

■ To support a claim for malicious prosecution a plaintiff must show the occurrence of:

1. Legal action instituted by defendant.
2. With malice
3. Without probable cause
4. Termination in favor of the plaintiff
5. Damages sustained.

*Aluminum Co. of America v. City of Lafayette,* (1980) Ind.App., 412 N.E.2d 312.

As we affirm the finding of the trial court we will deal only with the dispositive issue, probable cause. The facts underlying Blue Cross's belief it had probable cause to institute a collection action are undisputed.

At the time Blue Cross sued Martha and Gina the status of Indiana law was unsettled as to the interpretation of the subrogation clause contained in Blue Cross's standard insurance contract. Affidavits and testimony submitted by Blue Cross showed they were unsure whether the subrogation clause in the contract gave them a right of recovery against an insured dependent or only against the party paying the insurance premiums. At the time this action was instituted two cases involving the question under consideration were pending in the Indiana Court of Appeals.

During the course of the litigation the issue was resolved by two decisions holding the clause was not vague and giving Blue Cross a cause of action against an insured dependent. *Hagerman v. Mutual Hospital Insurance, Inc.,* (1978) Ind.App., 371 N.E.2d 394; *Mutual Hospital Insurance, Inc. v. MacGregor,* (1977) 174 Ind.App. 550, 368 N.E.2d 1376.

 Probable cause is present: when from an apparent state of facts, found to exist, a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause to act.

*Satz v. Koplow,* (1979) Ind.App., 397 N.E.2d 1082, 1084. Probable cause is normally an issue of fact, for the jury's determination. However, when the facts are undisputed, probable cause is for the court to determine as a matter of law. *Wong v. Tabor,* (1981) Ind.App., 422 N.E.2d 1279.

The status of the law at the time the lawsuit commenced gave Blue Cross probable cause to include Martha as a defendant. Blue Cross was faced with pending litigation which, if decided adversely to its interest, would preclude recovery under the subrogation clause in its insurance contract. Under the circumstances it was necessary to join Martha and Gina to insure the ultimate resolution of the controversy was not controlled by the concurrent litigation in the Court of Appeals. By following the course of conduct described herein, Blue Cross took reasonable action under the circumstances to protect its collection rights in the instant case. By following a reasonable course of conduct under the circumstances, Blue Cross did have probable cause to join Martha as a defendant. As the element of probable cause is essential to the maintenance of an action for malicious prosecution, the entire claim must fail.

Summary judgment is affirmed.

YOUNG, P.J., and MILLER, J., concur.