Emma CHESTNET, Plaintiff–Appellant,

v.

K–MART CORPORATION, Karen France, John Doe I, and John Doe II, Defendants–Appellees.

No. 55A01–8801–CV–23.

Court of Appeals of Indiana, First District.

Oct. 18, 1988.

G. Michael Loveall, Jones, Loveall, and Johnson, Franklin, for plaintiff-appellant.

John L. Lisher, Osborn, Hiner & Lisher, Indianapolis, for defendants-appellees.

---

3. For a similar holding, *see Mulholland v. Ferber* (1984), Minn.App., 359 N.W.2d 321.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Emma Chestnet (Chestnet), appeals the decision of the Morgan Circuit Court granting summary judgment in favor of defendant-appellees, K–Mart Corporation (K–Mart) and Karen France (France), on her suit for malicious prosecution, false imprisonment, slander, and negligent hiring.[1]

We affirm.

## STATEMENT OF THE FACTS

The evidentiary material before the trial court and all the reasonable inferences therefrom most favorable to Chestnet is as follows. On December 5, 1981, Chestnet entered a K–Mart store located in Greenwood, Indiana and proceeded to the automotive department. At this point, France, the store security manager, began observing Chestnet through a two-way security mirror. While Chestnet was in the automotive department, France saw her remove a gas cap from a display and examine it. With a gas cap in her hand, Chestnet then proceeded to the cosmetic department at which time she placed the gas cap in her purse. She subsequently exited the store without purchasing any merchandise or paying for the gas cap.

Upon observing these events, France approached Chestnet outside the store, requested that she return, and escorted her to an office inside the store. Inside the office, Chestnet voluntarily emptied her purse, revealing the gas cap, and attempted to explain that she did not steal it. She told France she entered the store in order to exchange a previously purchased gas cap which she had in her purse with another suitable cap. While in the automotive department she pulled the previously purchased gas cap out of her purse for the purpose of comparing it with others on display. She was unable to ascertain whether there was a suitable cap for ex-

change and returned the previously purchased cap to her purse as she proceeded to the cosmetic department. In her deposition, France testified that Chestnet did not indicate to her that the gas cap was not stolen nor did she recall Chestnet offering any explanation in defense of herself.

After discovering the gas cap in Chestnet's purse, France began filling out an incident report. While completing the report, Chestnet supplied France with a fictitious name and address. France subsequently learned Chestnet's true identity and prepared a new report which Chestnet refused to sign. France then contacted the Greenwood Police Department. Chestnet's in-store detention lasted for a period of no longer than 30 minutes before the police arrived and arrested her. She was transported to the Greenwood Police Station and charged with the offense of conversion. K–Mart instigated criminal prosecution of the matter, and the Johnson County Court found probable cause existed for Chestnet's arrest for conversion. Chestnet was subsequently found not guilty of the charge, however, when witnesses for the prosecution failed to appear. France explained that her absence was due to the fact that she had never received notification of the trial date.

On December 1, 1983, Chestnet filed a seven count complaint against France and K–Mart for malicious prosecution, libel and slander, and false imprisonment. Counts II, IV, and VI were claims against K–Mart under the doctrine of respondeat superior for the liability of its agent, France, as alleged in Counts I, III, and V. Additionally, Count VII of the complaint was directed at K–Mart for the negligent hiring of its employees. On February 4, 1985, K–Mart and France filed a motion for summary judgment regarding the malicious prosecution count of the complaint. Following a hearing, the trial court granted the motion, determining that probable cause existed for

---

1. Chestnet informs us in her reply brief that she waives appeal of the summary judgment entered against her on her claim for negligent hiring. We also note that she does not appeal the summary judgment entered against her claim for malicious prosecution. Therefore, we do not consider those issues.

Chestnet's arrest so as to defeat her claim for malicious prosecution.

On February 12, 1987, K–Mart and France filed a second motion for summary judgment as to the false imprisonment, libel and slander, and negligent hiring counts. Following a hearing, the trial court issued an order granting summary judgment on the remaining counts in favor of K–Mart and France. The trial court found that Chestnet's in-store detention was reasonable and lawful under IND. CODE 35–33–6–2(a) and (b), and as such both France and K–Mart were immune from liability for the detention under IND. CODE 35–33–6–4. With regard to the libel and slander count, the trial court determined that although defamatory, any statements France made in good faith to police officers pursuant to an investigation were protected by a conditional privilege and as such were not slanderous. Following the denial of her motion to correct error, Chestnet instituted this appeal.

## ISSUES

Chestnet raises the following issues for our review:

I. Whether the trial court erred in granting summary judgment on the false imprisonment count for the reason that a genuine issue of material fact exists as to whether the procedural mandates of IND.CODE 35–33–6–2 were properly followed.

II. Whether the trial court erred in granting summary judgment on the false imprisonment count for the reason that the immunity afforded under IND.CODE 35–33–6–4 applies only to in-store detentions and does not insulate K–Mart from the civil liability arising from the subsequent improper arrest.

III. Whether the trial court erred in granting summary judgment on the libel and slander count for the reason that the defamatory statements complained of were made to third persons who were not police officers involved in the investigation of a crime and as such were not state-ments protected by a conditional privilege.

## DISCUSSION AND DECISION

### Standard of Review

The rules governing summary judgment are well settled. In reviewing a motion for summary judgment we apply the same standard as that employed by the trial court. Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Howard v. H.J. Ricks Const. Co., Inc.* (1987), Ind.App., 509 N.E.2d 201, *trans. denied.* The party seeking summary judgment has the burden of demonstrating the absence of a genuine issue of material fact. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51. If there is any doubt as to the existence of a material factual issue, the motion should be resolved in favor of the non-movant. *Id.* In ascertaining the existence of any doubt, the contents of all pleadings, papers, and affidavits are liberally construed in favor of the non-movant. *Bell v. Northside Finance Corp.* (1983), Ind., 452 N.E.2d 951. Even where the facts are undisputed, the ability to draw from them conflicting inferences which would alter the outcome makes summary judgment inappropriate. *Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630. However, the nonmoving party may not simply rest on his pleadings. When the moving party establishes the absence of a genuine issue of material fact, the opposing party must come forward and contest the motion by setting forth specific facts which show that there is a genuine factual issue. *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282.

### ISSUE I: *False Imprisonment*

IND.CODE 35–33–6–2, the statute governing the detention of individuals suspected of theft of a merchant's property by owners or agents of the store, provides:

(a) An owner or agent of a store who has probable cause to believe that a theft has occurred or is occuring on or about the store and who has probable cause to believe that a specific person has committed or is comitting the theft may:

    1. detain the person and request the person to identify himself;

    2. verify the identification;

    3. determine whether the person has in his possession unpurchased merchandise taken from the store;

    4. inform the appropriate law enforcement officers; and

    5. inform the parents or others interested in the person's welfare, that the person has been detained.

(b) The detention must:

    1. be reasonable and last only for a reasonable time; and

    2. not extend beyond the arrival of a law enforcement officer or two (2) hours, whichever first occurs.

Also relevant here is IND.CODE 35–33–6–4 which provides immunity from liability to an owner or agent of a store for any detention which is lawful under IND.CODE 35–33–6–2. That statute states:

A civil or criminal action against an owner or agent of a store or a law enforcement officer may not be based on a detention which was lawful under section 2 of this chapter. However, the defendant has the burden of proof that he acted with probable cause under section 2 of this chapter.

Chestnet first contends there is a genuine issue of material fact as to whether the procedural mandates of IND.CODE 35–33–6–2 were properly followed. Specifically, she maintains there is a genuine issue of material fact as to whether her in-store detention was lawful. Chestnet claims France's determination as to whether Chestnet had unpurchased merchandise in her possession was unreasonable. She argues that a reasonable inquiry into the matter would have included conducting an inventory of the merchandise to determine whether a gas cap was missing. Because a genuine issue existed as to whether the detention was reasonable, it was inappro-priate to enter summary judgment in favor of France and K–Mart on the basis of the immunity afforded under IND.CODE 35–33–6–4.

In *Crase v. Highland Village Value Plus Pharmacy* (1978), 176 Ind.App. 47, 374 N.E.2d 58, we stated that it was the probable cause to believe that a specific person had or was committing a theft of the merchant's property which makes a detention under IND.CODE 35–33–6–2 lawful. When the trial court issued its ruling on the motion for summary judgment regarding the malicious prosecution count, it determined as a matter of law that probable cause existed to believe Chestnet had committed conversion and Chestnet concedes probable cause existed for her arrest. If a detention is lawful, by definition, it cannot constitute false imprisonment. *Id.* The trial court properly granted summary judgment on this basis.

Chestnet claims, however, that France did not make a reasonable inquiry when determining whether she had unpurchased merchandise. This argument is misplaced. The requirement that a detention be reasonable applies to the manner and time in which an individual is held. It does not apply separately to each of the five acts an owner or agent *may* take once they have probable cause to believe that a theft has been committed. Even if the requirement could be construed as applying to each of the five steps separately, Chestnet's contention that an inventory of merchandise was necessary to satisfy such is wholly without merit. The purpose of IND.CODE 35–33–6–2 is to provide merchants with a method of detaining an individual suspected of theft, ascertaining his identity, locating and preserving the merchandise he is suspected of having stolen, and notifying law enforcement officials while protecting the liberties of the individual subject to such detention. This is exactly what happened in the case at bar.

After observing her actions inside the store and approaching her outside the store, France escorted Chestnet into a back office where she was joined by another security officer. While France was ques-

tioning her about the gas cap, Chestnet voluntarily removed it from her purse. Following Chestnet's protestations of innocence, France filled out an incident report and called the police who arrived and transported her to jail. The entire period of her detention lasted only 30 minutes. This certainly satisfied both the spirit and the letter of IND.CODE 35–33–6–2. Other than the assertion that France did not conduct an inventory of the gas caps, Chestnet raises no other allegation of unreasonableness regarding the manner in which she was detained. That France did not conduct an inventory of merchandise as suggested does not raise a genuine issue of material fact as to whether her detention was reasonable. Accordingly, the trial court did not err in determining Chestnet's detention was reasonable and lawful under IND. CODE 35–33–6–2 and in determining both France and K–Mart were immune from liability under IND.CODE 35–33–6–4.

ISSUE II: *Subsequent Arrest*

█ Chestnet next contends summary judgment on the false imprisonment count was improper because the immunity afforded under IND.CODE 35–33–6–4 applies only to in-store detentions and does not extend to provide immunity from liability arising from Chestnet's subsequent improper arrest by police. We note, however, that Chestnet failed to raise this argument in her motion to correct error. Issues not presented in a motion to correct error are not preserved for consideration on appeal. *Ludwig v. Ford Motor Co.* (1987), Ind. App., 510 N.E.2d 691. This rule applies to summary judgment proceedings as well. *Id.* Chestnet has therefore waived this issue on appeal.

ISSUE III: *Libel and Slander*

Chestnet finally claims the trial court erred in granting summary judgment on the libel and slander count. Specifically, she alleges there is a genuine issue of material fact as to whether the defamatory statements complained of were protected by a conditional privilege.

Chestnet concedes that any statements made in good faith to a police officer pursu-

ant to an investigation are protected by a conditional privilege. *Conn v. Paul Harris Stores, Inc.* (1982), Ind.App., 439 N.E. 2d 195. She contends, however, that the defamatory statements were made to third persons who were not police officers and were not within the scope of the conditional privilege. Summary judgment, therefore, was inappropriate. In support of her claim, Chestnet sets forth in her brief only the following testimony elicited in her deposition:

Yes, I wasn't sure what was happening, no. I didn't know what was happening. I just everybody surrounded me, and this lady screamed ... There was many surrounding me and this lady screaming ... I would say at least three or four.

*Record*, Chestnet Depo. at 44. France and K–Mart respond that there is no evidence whatever to support a finding that a defamatory statement was made. We agree.

█ A communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or deter third persons from associating or dealing with him. *Conn, supra; Cochran v. Indianapolis Newspapers, Inc.* (1978), 175 Ind.App. 548, 372 N.E.2d 1211. A false imputation of criminal activity gives rise to a cause of action for defamation as long as the imputation bears a reasonably close relation to the legislative definition of a crime. *Id.* The initial inquiry as to whether a statement is defamatory is a question of law for the trial court. *Id.* If a statement is ambiguous in that it is reasonably susceptible of either a defamatory or non-defamatory interpretation, a question of fact is presented. *Id.*

█ Chestnet has failed to present any evidence from which we can determine that a defamatory statement was made. It is Chestnet's burden, as the party opposing the motion for summary judgment, to set forth specific facts showing the existence of a genuine issue of material fact as to whether a defamatory statement was made. This she has not done. In an affidavit attached to the motion, France denied

that she uttered a defamatory statement. In response, Chestnet sets forth the above quoted portion of her deposition. Taken as true for our present purposes, this assertion does not establish that France made a defamatory statement. Rather, it merely establishes that France was screaming. Some form of words are normally necessary, at least intelligent communication is necessary. Upon examining the relevant portion of her deposition, we note that Chestnet repeatedly states that France was screaming "help" as she approached Chestnet and apprehended her. There is no other evidence that France screamed at Chestnet at another time or accused her of a crime in front of the public. Screaming for help certainly does not qualify as a defamatory statement. In the absence of any evidence showing France made a defamatory statement in public, the trial court properly granted summary judgment to France and K–Mart.

For the above reasons, the judgment is affirmed.

JUDGMENT AFFIRMED.

ROBERTSON and MILLER, JJ., concur.