David F. **DUVALL** and Pauline E. Duvall, Appellants (Plaintiffs Below),

v.

The **KROGER COMPANY**, Appellee (Defendants Below).

No. 10A04–8904–CV–139.

Court of Appeals of Indiana, Fourth District.

Feb. 7, 1990.

---

8. IND.CODE 35–42–2–1(2)(A).

Mitchele J. Harlan, Jeffersonville, for appellants.

James N. Williams, Mark S. Fenzel, Middleton & Reutlinger, Jeffersonville, for appellee.

CONOVER, Judge.

Plaintiffs–Appellants David F. Duvall (Duvall) and Pauline E. Duvall appeal the trial court's grant of summary judgment in favor of Defendant–Appellee, The Kroger Company (Kroger), in an action for malicious prosecution and false imprisonment.

We affirm.

Duvall presents the following restated issues for our review:

1. whether probable cause is a question of fact rendering the trial court's grant of summary judgment improper;

2. whether the trial court erred in concluding Duvall's criminal prosecution was not terminated in his favor; and

3. whether the trial court erred in granting summary judgment, thus dismissing Duvall's false imprisonment claim.

In August 1986, Duvall stopped at the Jeffersonville Kroger store. He selected three small items, removing one from its container. He proceeded to a sale display and in order to gather more items, placed the others in his pockets. Officer Branham, a Kroger security guard and off-duty policeman, watched him pocket two of the items. Duvall then obtained a bascart for more items but did not transfer to it any of the pocketed items.

Branham stopped Duvall near the front of the store. The parties dispute whether he was beyond the cash register area. Duvall was detained and questioned in the store manager's office. Kroger summoned police and Duvall signed a shoplifting report admitting he concealed the items. Shoplifting charges ensued and Duvall, his defense counsel and the Deputy Prosecutor signed a Pre–Trial Conference Memorandum/Plea Agreement containing the following: "Take under advisement for six months. Dismiss if no further offenses." Pursuant to the agreement, charges were dismissed six months later.

Duvall subsequently filed suit against Kroger for malicious prosecution and false imprisonment. The trial court granted summary judgment in favor of Kroger, which Duvall appeals.

Summary judgment is appropriate only in limited situations. Ind.Trial Rule 56 provides in part

(C) *Motion and Proceedings Thereon.*

... The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Trial Rule 5(D), together with any testimony show that there is *no genuine issue as to any material fact,* and

that *the moving party* is entitled to judgment *as a matter of law.* ...

(E) *Form of Affidavits—Further Testimony—Defense Required.* ...

When a motion for summary judgment is made and *supported as provided in this rule,* an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him.... (Emphasis supplied).

Thus, the moving party carries the burden of establishing:

(a) there is no issue as to any material fact, and

(b) he is entitled to judgment as a matter of law.

*Pepkowski v. Life of Indiana Insurance* (1988), Ind.App. 4 Dist., 526 N.E.2d 1015, 1016. The moving party must fulfill these two requirements before any burden shifts to the nonmovant. *Id.* The nonmovant may rest upon his pleadings until the moving party establishes no genuine factual issue exists. *Id.* If, however, the moving party successfully demonstrates no genuine issue exists, the nonmoving party must show the presence of such a fact to stave off summary judgment. *Fort Wayne Community Schools v. Fort Wayne Education Association, Inc.* (1986), Ind.App. 4 Dist., 490 N.E.2d 337, 339; *Conard v. Waugh* (1985), Ind.App. 4 Dist., 474 N.E.2d 130, 134. In doing so, the nonmoving party may not merely rest upon his pleadings, but his response must set forth specific facts indicating an issue of material fact exists. *Popp v. Hardy* (1987), Ind.App. 1 Dist., 508 N.E.2d 1282, 1284; *Fort Wayne Community Schools, supra,* at 340; T.R. 56(E). If the nonmovant fails to meet his burden, summary judgment may be granted. *Williams v. Lafayette Production Credit Association* (1987), Ind.App. 1 Dist., 508 N.E.2d 579, 582, *reh. denied; Conard, supra,* at 134; T.R. 56(E).

When reviewing a grant of summary judgment motion, we stand in the shoes of the trial court. *Pepkowski, supra.* All evidence must be construed in favor of the nonmovant and all doubts as to the existence of a material issue must be resolved against the movant. *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App. 4 Dist., 474 N.E.2d 1042, 1044. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App. 3 Dist., 473 N.E.2d 151, 153.

Summary judgment is not a substitute for a trial to resolve factual disputes. Though the trial court may believe the nonmovant will be unsuccessful at trial, summary judgment should not be granted where material facts are disputed or conflicting inferences arise. *Pepkowski, supra.*

We note initially to prevail on his malicious prosecution claim, Duvall must prove:

1. Kroger instituted or caused to be instituted a prosecution;

2. Kroger acted with malice;

3. Kroger acted without probable cause; and

4. the prosecution terminated in Duvall's favor.

*Willsey v. Peoples Federal Sav. and Loan Ass'n. of East Chicago* (1985), Ind.App. 4 Dist., 529 N.E.2d 1199, 1205, *trans. denied.* The trial court determined Duvall did not prove Kroger acted without probable cause or the prosecution terminated in Duvall's favor.

Duvall contends the trial court erred in concluding probable cause was not a question of fact, but rather a question of law in this instance. We disagree.

■ Probable cause to initiate a criminal prosecution exists where facts found on a reasonable inquiry would induce a reasonably intelligent and prudent person to believe the accused committed the crime charged. *F.W. Woolworth Co., Inc. v. Anderson* (1984), Ind.App. 1 Dist., 471 N.E.2d 1249, 1253, *reh. denied, trans. denied.* Probable cause is normally an issue for the jury's determination. *Costello v.*

*Mutual Hospital Ins., Inc.* (1982), Ind.App. 4 Dist., 441 N.E.2d 506, 509, *reh. denied, trans. denied.* However, if the facts are undisputed, probable cause is for the court to determine as a matter of law. *Id.*

■ Duvall relies on IND.CODE 35–43–4–4(c)[1] to support his argument. He maintains since he did not remove the items beyond the cash register area, there was no prima facie evidence of intent to deprive Kroger of its property. Duvall's reliance is inapposite however, because our court has previously determined concealment of an item provides a reasonable inference of intent to commit theft. *Johnson v. State* (1980), Ind.App., 413 N.E.2d 335, 336.

Here, the material facts are undisputed. Thus, the trial court did not err in concluding Duvall failed to establish Kroger lacked probable cause.

■ Duvall next contends the trial court erred in concluding the prosecution's termination was not in Duvall's favor. He maintains the ultimate dismissal constitutes a favorable termination. We disagree.

Indiana case law is devoid of this precise issue in the criminal context. However, the prevailing view from other jurisdictions is any condition attached to dismissal of criminal charges and agreed to by the accused, is not a favorable termination for purposes of a later malicious prosecution claim. *See Davis v. Chubb/Pacific Indemnity Group, et al.* (E.D.Pa.1980), 493 F.Supp. 89, 91; *Singleton v. City of New York* (N.Y.1980), 632 F.2d 185, 193, *cert.*

*denied* (1981), 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347. A favorable termination exists if it is "inconsistent with guilt." *Davis, supra; Restatement of Torts* (2d) § 660. Further, if the prosecution is terminated pursuant to a compromise or entered voluntarily by the accused, the termination is not favorable. W. Page Keeton, *Prosser and Keeton On The Law Of Torts* (5th Ed.) (1984) § 119.

Our courts have, however, addressed favorable termination of civil proceedings supporting malicious prosecution actions. *See Wong v. Taber* (1981), Ind.App., 422 N.E.2d 1279. In *Wong*, a malicious prosecution claim against an attorney for prosecution of a medical malpractice action, the court found no agreement had been reached so as to preclude the bringing of that action. The court there quoted Prosser, stating:

> However, where the original proceeding was ended, without regard to the merits, *by agreement or settlement of the parties*, no such termination may be availed of for the purpose of an action for malicious prosecution. (Emphasis supplied.)

*Id.,* at 1284. In light of this authority, the trial court properly concluded a favorable termination did not occur. Duvall's inability to prevail on each element of malicious prosecution is fatal.

Duvall next contends the trial court incorrectly dismissed his false imprisonment claim. Duvall maintains probable cause for detaining him pursuant to the shoplifting statute[2], is a question of fact and thus,

---

1. I.C. 35–43–4–4(c):
   (c) Evidence that a person:
   (1) concealed property displayed or offered for sale or hire; and
   (2) removed the property from any place within the business premises at which it was displayed or offered to a point beyond that at which payment should be made;
   constitutes prima facie evidence of intent to deprive the owner of the property of a part of its value and that the person exerted unauthorized control over the property.

2. 35–33–6–2 Probable cause; detention; procedure
   Sec. 2. (a) An owner or agent of a store who has probable cause to believe that a theft has occurred or is occurring on or about the store and who has probable cause to believe

that a specific person has committed or is committing the theft may:
(1) detain the person and request the person to identify himself;
(2) verify the identification;
(3) determine whether the person has in his possession unpurchased merchandise taken from the store;
(4) inform the appropriate law enforcement officers; and
(5) inform the parents or others interested in the person's welfare, that the person has been detained.
(b) The detention must:
(1) be reasonable and last only for a reasonable time; and
(2) not extend beyond the arrival of a law enforcement officer or two (2) hours, whichever first occurs.

the trial court improperly granted summary judgment dismissing his claim. We disagree.

 For purposes of the shoplifting statute, probable cause is cause to believe a specific person had or was committing a theft of the merchant's property. *Chestnet v. K–Mart* (1988), Ind.App., 529 N.E.2d 131, 134, *trans. dismissed.* If this is present, detention is lawful. *Id.* Lawful detention cannot constitute false imprisonment. *Id.*

 Here, the trial court properly granted summary judgment on the malicious prosecution claim, determining probable cause existed as a matter of law. Hence, the detention was lawful and the trial court properly dismissed the false imprisonment claim.

Affirmed.

HOFFMAN, P.J., concurs.

CHEZEM, P.J., concurs with separate opinion.

CHEZEM, Presiding Judge, concurring.

While I concur with the majority, I do so since Duvall signed a confession in which he admitted to committing the offense. Record at 38. The deferred prosecution agreement, by itself, did not include an admission of guilt. Unless such an agreement is accompanied by some admission of guilt by the criminal defendant, I would hold that the resulting dismissal is a termination of the proceeding in his favor.

In *Wong v. Tabor* (1981), Ind.App., 422 N.E.2d 1279, Judge Garrard wrote as follows:

Compromise and settlement implies something more than one party merely advising another as to his decision with regard to a particular matter in dispute. At a minimum, settlement requires some act or process of adjusting one's differences in reaching an agreement over disputed matters ... Voluntary abandonment or discontinuance of the claim would be sufficient to constitute termination in favor of the defendant.

*Id.* at 1285 (citations omitted).

A deferred prosecution agreement is the voluntary abandonment of a prosecution on the part of the prosecutor, subject to the reservation that if the defendant commits another offense, the prosecution will be renewed. The criminal defendant has not made any adjustments to resolve any differences that exist between the defendant and the state and/or the victim. Therefore, a dismissal pursuant to such an agreement does constitute a termination in favor of the prior defendant.

Here, however, Duvall signed a confession prior to the prosecution. Therefore, the agreement, and subsequent dismissal, does not "vindicate" Duvall; the confession "taints" Duvall's innocence and public policy requires that the deferred prosecution agreement have the same effect as if Duvall had pleaded guilty. Therefore, I concur in the result reached by the majority.